UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYSIN LORICK CYNTHIA LORICK,<br><br>       Plaintiff,<br><br>   v.<br><br>KILPATRICK TOWNSEND AND STOCKTON LLP; COLIN M. BERNARDINO; KEITH BRANDOFINO; JOHN M. CHURCH; SUMIT JAIN; WELLS FARGO; BERKADIA COMMERCIAL MORTGAGE,<br><br>       Defendants | Case No. 1:18-cv-07178-ENV-JO |

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. RULES 12(b)(1) AND 12(b)(6)**

---

**REED SMITH LLP**
599 Lexington Ave.
New York, New York 10022
(212) 521-5400
(212) 521-5450
*Counsel for Defendant Wells Fargo Bank, N.A.
Incorrectly sued herein as "Wells Fargo"*

- i -

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY.......................................................................................................... 2

LEGAL ARGUMENT .................................................................................................................. 3

I.    This Action Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims ................................................. 3

    A.    This Court Lacks Jurisdiction Pursuant To The Rooker-Feldman Doctrine .......... 4

    B.    Plaintiffs' Claims Are Barred By The Younger Abstention Doctrine .................... 6

    C.    Plaintiffs' Claims Are Barred By The Doctrine Of Res Judicata ........................... 7

II.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted ..................... 8

III.    The Complaint Must Be Dismissed Under Rules 12(b)(2) and 12()b)(5) Because Process Has Not Been Served And This Court Lacks Personal Jurisdiction ................................ 10

CONCLUSION ............................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbatiello v. Wells Fargo Bank, N.A.*,
  2015 WL 5884797 (E.D.N.Y. Oct. 8, 2015) ................................................................................6

*Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*,
  637 F. Supp. 2d 185 (S.D.N.Y. 2009) ........................................................................................8

*Andrews v. Citimortgage, Inc.*,
  No. 14–CV–1534(JS)(AKT), 2015 WL 1509511 (E.D.N.Y. Mar. 31, 2015) ...........................5

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................................................8, 9, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................8, 9, 10

*Burka v. N.Y. City Transit Auth.*,
  32 F.3d 654 (2d Cir. 1994) ........................................................................................................7

*Chambers v. Time Warner, Inc.*,
  282 F. 3d 147 (2d Cir. 2002) .....................................................................................................8

*Cunningham v. Bank of New York Mellon NA*,
  2015 WL 4104839 (E.D.N.Y. 2015) .........................................................................................5

*District of Columbia Court of Appeals v. Feldman*,
  460 U.S. 462 (1983) ..................................................................................................................4

*Estate of Keys v. Union Planters Bank, N.A.*,
  578 F. Supp. 2d 629 (S.D.N.Y. 2008) .......................................................................................5

*Exxon Mobil Corp. v. Saudi
  basic Industries Corp.*, 544 U.S. 280 (2005) ............................................................................4

*Feinstein v. The Chase Manhattan Bank*,
  No. 06-CV-1512, 2006 WL 898076 (E.D.N.Y. Apr. 5, 2006) ..................................................4

*Fequiere v. Tribeca Lending*,
  2014 U.S. Dist. LEXIS 183152 (E.D.N.Y. July 15, 2014) ........................................................6

*Flaherty v. Lang*,
  199 F.3d 607 (2d Cir. 1999) ......................................................................................................7

*Gentner v. Shulman*,
    55 F.3d 87 (2d Cir. 1995) .................................................................................................. 6

*Gonzalez v. Ocwen Home Loan Servicing*,
    74 F. Supp. 3d 504 (D. Conn. 2015) ................................................................................ 4

*Hawaii Housing Auth. v. Midkiff*,
    467 U.S. 229 (1984) .......................................................................................................... 6

*Hoblock v. Albany County Bd. of Elections*,
    422 F.3d 77 (2d Cir. 2005) ................................................................................................ 4

*Huffman v. Pursue, Ltd.*,
    420 U.S. 592 (1975) .......................................................................................................... 6

*Kontrick v. Ryan*,
    540 U.S. 443 (2004) .......................................................................................................... 5

*Linardos v. Fortuna*,
    157 F.3d 945 (2d Cir. 1998) .............................................................................................. 3

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000) .............................................................................................. 3

*Muong v. Fannie Mae*,
    2013 U.S. Dist. LEXIS 176424 (E.D.N.Y. Dec. 16, 2013) .............................................. 6

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923) .......................................................................................................... 4

*Webster v. Wells Fargo Bank. N.A.*,
    No. 08 Civ. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009) .................................. 5

*Whelton v. Educ. Credit Mgmt. Corp.*,
    432 F.3d 150 (2d Cir. 2005) .............................................................................................. 7

*Younger v. Harris*,
    401 U.S. 37 (1971) ............................................................................................................ 6

**Statutes**

28 U.S.C. § 1257 ...................................................................................................................... 4

**PRELIMINARY STATEMENT**

Defendant Wells Fargo Bank, N.A., incorrectly sued herein as "Wells Fargo" (hereinafter, "Wells Fargo"), by and through their attorneys, Reed Smith LLP, hereby submit this Memorandum of Law in support of Wells Fargo's Motion for an Order: (1) dismissing this action in its entirely pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a cause of action, or (2) alternatively, dismissing this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), for lack of personal jurisdiction and improper service of process, and (3) granting such other relief as this Court deems proper.

This lawsuit is a collateral attack on a commercial foreclosure action in New York Supreme Court, Kings County, under Index Number 500469/2013 (the "Foreclosure Action"). The Foreclosure Action was commenced more than six years ago and has proceeded through Final Judgment of Foreclosure and Sale, pursuant to which the subject property was sold to a third party on November 21, 2017. In fact, plaintiffs Boysin Lorick and Cynthia Lorick ("Plaintiffs") have already sought to vacate the Final Judgment of Foreclosure and Sale entered in the Foreclosure Action based on the same baseless allegations of fraud, bad faith, and conspiracy raised in the Complaint herein. That relief was denied by the State Court in the Foreclosure Action. Now, Plaintiffs have commenced this action improperly collaterally attacking the Foreclosure Action and seeking to litigate issues which already were, or should have been, litigated therein.

Accordingly, Wells Fargo now moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), as this Court lacks subject matter jurisdiction and, in any event, the Complaint fails to state a claim upon which relief can be granted. Alternatively, Wells Fargo requests dismissal

under 12(b)(2) and 12(b)(5), as the Summons and Complaint have not been served on Wells Fargo and, therefore this Court lacks personal jurisdiction.[1]

## PROCEDURAL HISTORY

On January 30, 2013 Wells Fargo commenced a foreclosure action against Plaintiffs in New York Supreme Court, Kings County, under Index No. 500469/2013 (the "Foreclosure Action") seeking to foreclose a lien on real property located at 3126 Coney Island Avenue, Brooklyn, NY 11235 (the "Property"). *Declaration of Joseph S. Jacobs ("Jacobs Decl."), Ex. 1*. Plaintiff Boysin Lorick appeared in the Foreclosure Action by serving an Answer to the Complaint on or about March 20, 2013. *Id., Ex. 2.* Cynthia Lorick defaulted in answering in the Foreclosure Action. *See id*.

Thereafter, Wells Fargo obtained a Final Judgment of Foreclosure and Sale in the Foreclosure Action. *Id., Ex. 3.* By Order to Show Cause dated April 1, 2014, Plaintiffs made a motion in the Foreclosure Action seeking, *inter alia*, to vacate the Final Judgment of Foreclosure and Sale and to dismiss the Foreclosure Action (the "Motion to Vacate"). *Id., Ex. 4.* Plaintiffs' Motion to Vacate raised the same allegations of fraud, bad faith, and conspiracy that are raised in the Complaint herein. S*ee id. ¶¶ 15, 24-29.* The State Court declined to sign Plaintiff's Motion to Vacate. *Id., Ex. 5*.

Subsequently, an Amended Final Judgment of Foreclosure and Sale was entered in the Foreclosure Action on June 8, 2016. *Id., Ex. 6.* Pursuant to the Amended Final Judgment of Sale, the Property was sold on November 21, 2017. *Id., Ex. 7*.

---

[1] Because Wells Fargo has not been served with the Summons and Complaint herein, the instant motion is made without any waiver of Wells Fargo's right to move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

On December 17, 2018, Plaintiffs commenced this action improperly collaterally attacking the Foreclosure Action and raising issues which were, or should have been, litigated therein. *See R. Docs. 1, 2*. On January 2, 2019, this Court entered an Order requiring Plaintiffs to complete service on each defendant herein and file proof of service with the Court on or before March 18, 2019. *See R. Doc. 4*. On March 8, 2019, Plaintiff requested an extension of time to complete service and file proof thereof, and this Court granted Plaintiffs an extension through April 17, 2019. *See R. Docs. 5, 6*. Plaintiff failed to file proof of service on *any* defendant by April 17, 2019, and, on April 29, 2019, this Court, *sua sponte*, granted Plaintiffs a final extension of time to complete service and file proof thereof until May 10, 2019. *See R. Doc. 7*. To date, Wells Fargo has not been served with the Summons and Complaint in this action, and no proof of service has been filed with respect to Wells Fargo (or any other defendant herein).

Wells Fargo now moves to dismiss Plaintiffs' Complaint in entirety

**LEGAL ARGUMENT**

I. **This Action Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

Here, although Plaintiffs appear to plead several conclusory and barebones causes of action – including fraud, breach of contract, bad faith, and conspiracy – this action is undoubtedly challenging the underlying Foreclosure Action pending in New York State Court.

*See* Plaintiff's Complaint, *p. 10*. (complaining of "serious fraud at the state court," "foreclosure without due process," "filing false papers," and other similar but less-than-coherent allegations). Accordingly, because Plaintiffs' own pleading makes clear that this action is a collateral attack on the Foreclosure Action, this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, as well as the doctrine of res judicata. Thus, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

      **A.**      **This Court Lacks Jurisdiction Pursuant To The *Rooker-Feldman* Doctrine**

Pursuant to the *Rooker-Feldman* Doctrine, federal courts lack subject matter jurisdiction to review and reverse judgments rendered by state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also* 28 U.S.C. § 1257 (conferring certiorari power solely upon the United States Supreme Court). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi basic Industries Corp.*, 544 U.S. 280 (2005).

The Second Circuit has established four requirements for applying the *Rooker-Feldman* doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the District Court to review and reject that judgment; and (4) the state court must have rendered judgment before the issue is brought before the federal district court. *See, e.g., Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine. *See, e.g., Feinstein v. The Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (dismissing complaint and collecting cases); *accord, Gonzalez v. Ocwen*

*Home Loan Servicing*, 74 F. Supp. 3d 504, 513-514 (D. Conn. 2015) (dismissing complaint and collecting cases); *Cunningham v. Bank of New York Mellon NA,* 2015 WL 4104839, at *1 (E.D.N.Y. 2015) (dismissing complaint); *Andrews v. Citimortgage, Inc.*, No. 14–CV–1534(JS)(AKT), 2015 WL 1509511, at *5 (E.D.N.Y. Mar. 31, 2015) (dismissing complaint and collecting cases); *Webster v. Wells Fargo Bank. N.A.*, No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009) (dismissing complaint).

In this action, it cannot be disputed that Plaintiffs (1) lost in the Foreclosure Action, (2) complain of alleged injuries resulting from the Foreclosure Action and the determination of the State Court therein that Wells Fargo is entitled to foreclose on the Property, and (3) seek to have the District Court review and reverse the decision of the New York State Court in the Foreclosure Action, (4) which decision was entered prior to the commencement of the instant action. For instance, notwithstanding Plaintiffs' assertion that they are not seeking "to set aside the State Court judgment," the Complaint is rife with allegations that the State Court was defrauded and seeks relief based upon that alleged fraud, necessarily – albeit implicitly – requesting that this Court review and reverse the State Court decisions. *See, e.g.,* Plaintiff's Complaint, *p. 10*. Accordingly, Plaintiffs' claims herein are indisputably and inextricably intertwined with the Foreclosure Action and "would effectively require [this Court] to vacate the [Judgment of Foreclosure and Sale] issued by the [New York State Supreme Court]," in violation of the *Rooker-Feldman* doctrine. *Estate of Keys v. Union Planters Bank, N.A.*, 578 F. Supp. 2d 629, 637 (S.D.N.Y. 2008) (quoting *Grumbkow v. Greenpoint Bank*, 132 F. App'x 913, 914 (2d Cir. 2005)).

Thus, because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, Plaintiff's Complaint must be dismissed. *Kontrick v. Ryan*, 540 U.S. 443, 455, (2004)

(holding that when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety).

### B. Plaintiffs' Claims Are Barred By The *Younger* Abstention Doctrine

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), this Court is compelled to abstain from exercising jurisdiction over Plaintiff's claims. In the "interests of comity and federalism," the *Younger* abstention doctrine requires federal courts to abstain from exercising jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984). Thus, a federal court should abstain from interfering with pending state litigation when (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the plaintiff has an open avenue for review in the state courts of his constitutional claims. *Gentner v. Shulman*, 55 F.3d 87, 88-90 (2d Cir. 1995); *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975) (clarifying that the *Younger* abstention doctrine applies to state civil proceedings).

A number of courts in this circuit have concluded that abstention is appropriate when a federal action seeks to enjoin an ongoing state foreclosure proceeding. Such courts have found that a state foreclosure action is a "civil proceeding that implicates a State's interest in enforcing the orders and judgments of its courts" and abstained from hearing the federal case. *See, e.g., Abbatiello v. Wells Fargo Bank, N.A.*, 2015 WL 5884797 at *9 (E.D.N.Y. Oct. 8, 2015) (internal citations omitted); *see also, Fequiere v. Tribeca Lending*, 2014 U.S. Dist. LEXIS 183152 at *8-9 (E.D.N.Y. July 15, 2014) ("[T]o the extent [p]laintiff seeks federal court intervention in an on-going state foreclosure proceeding, such claims are generally barred by *Younger v. Harris*'") (quoting *Marcelo v. EMC Mortg. Corp.*, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)); *Muong v. Fannie Mae*, 2013 U.S. Dist. LEXIS 176424 at *7 n.1 (E.D.N.Y. Dec. 16, 2013).

Here, the Foreclosure Action has proceeded through final judgment, notwithstanding Plaintiffs' motion to vacate the Final Judgment of Foreclosure and Sale therein. *Jacobs Declaration, Ex.* 6. In fact, the Property was sold more than eighteen months ago in November of 2017. *Id., Ex.* 7. Therefore, important state interests in contractual and property rights are implicated, and dismissal of Plaintiffs' Complaint is required under the *Younger* abstention doctrine.

    C.    **Plaintiffs' Claims Are Barred By The Doctrine Of *Res Judicata***

Plaintiff's claims are barred by the doctrine of *res judicata*, as they expressly and unambiguously challenge, as they expressly and unambiguously challenge actions taken in the Foreclosure Action by, *inter alia*, Wells Fargo, and seek relief based thereon.

Under the doctrine of *res judicata*, otherwise known as claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action," not just those that were actually litigated. *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgement would have had in state court." *Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). New York courts apply a transactional approach to *res judicata*, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The doctrine applies only if (1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action. *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150, 155 (2d Cir. 2005).

In the instant action, each of the elements of *res judicata* are satisfied. First, the Amended Final Judgment of Foreclosure and Sale entered in the Foreclosure Action constitutes a final adjudication on the merits. *Jacobs Aff., Ex. 6*. Second, both Plaintiffs and Wells Fargo are parties to the Foreclosure Action. *See, id.* Finally, because the Plaintiffs have already sought relief in the Foreclosure Action based upon the same allegations of fraud, bad faith, and conspiracy made herein, it cannot be disputed that Plaintiffs' claims were, or should have been, raised in the Foreclosure Action. *See Jacobs Aff., Ex. 4, ¶¶ 15, 24-29*. Accordingly, Plaintiffs' claims are barred by the doctrine of res judicata, and dismissal is required as a matter of law.

**II.     The Complaint Fails to State a Claim Upon Which Relief May Be Granted**

Even assuming *arguendo* that Plaintiffs' claims were not barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and the doctrine of res judicata, Plaintiffs' Complaint must nonetheless be dismissed because it fails to state a claim. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the well-pleaded factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 152 (2d Cir. 2002). However, a court is not "bound to accept as true [any] legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-677, 129 S. Ct. 1937 (2009); *accord Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC*, 637 F. Supp. 2d 185, 189 (S.D.N.Y. 2009).

Indeed, as the United States Supreme Court instructed in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Nor will a complaint survive a motion to dismiss if it provides mere "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Rather, to survive a motion to dismiss based on the sufficiency of the pleading; a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility where – but only where – the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. In *Ashcroft v. Iqbal* the Supreme Court revisited and reinforced its holding in *Twombly* and explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal citations omitted). Accordingly, the relevant question is not whether any facts **could be** conjured up that would state a claim for relief, but whether sufficient facts **have been** pleaded in the first instance to support the alleged legal claims. *Id.* at 667-83.

The Supreme Court has directed that a court should engage in a two-pronged analysis in determining whether a claim has facial plausibility. *Id.* First, the court must determine which allegations are to receive a presumption of truth – bearing in mind that mere legal conclusions are not to be presumed true. *Id.* (finding that the Plaintiff's allegations amounted to "nothing more than a 'formulaic recitation of the elements' of a . . . claim" and were not entitled to a presumption of truth). Second, the Court must determine whether the well-pleaded facts, when presumed to be true, constitute "factual content [that] allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 681 (finding that, because there existed lawful reasons for the challenged policy, the plaintiff failed to allege sufficient facts to "'nudg[e] his claim of purposeful discrimination across the line from conceivable to plausible'") (quoting *Twombly,* 550 U.S. at 570). In undertaking this inquiry, a Court should be mindful that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiffs' Complaint is rife with the "blanket assertions of entitlement to relief" that the *Twombly* standard guards against. *See Twombly*, 550 U.S. at 558. To the extent that Plaintiffs raise any cognizable claims against Wells Fargo, all of the paragraphs pleaded in support of Plaintiffs' claims consist of conclusory allegations without *any* factual or evidentiary support. Indeed, *the Complaint contains no actual factual content*, and thus Plaintiffs' causes of action cannot cross the line from conceivable to plausible. Accordingly, Plaintiffs' Complaint fails to satisfy Rule 8(a) and must be dismissed pursuant to Rule 12(b)(6).

### III. The Complaint Must Be Dismissed Under Rules 12(b)(2) and 12()b)(5) Because Process Has Not Been Served And This Court Lacks Personal Jurisdiction

If this Court is not inclined to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), Wells Fargo alternatively requests dismissal under Rules 12(b)(2) and 12(b)(5). Wells Fargo has not been served with the Summons and Complaint in this action. Moreover, it is an indisputable matter of record that Plaintiffs have failed to file proof of timely service as required by Fed. R. Civ. P. 4(l) and (4)(m). Thus, as demonstrated above, Plaintiff is – at a minimum – entitled to dismissal of this action pursuant to 12(b)(2) and 12(b)(5).

## CONCLUSION

Pursuant to the foregoing, Wells Fargo respectfully requests a pre-motion conference and/or permission to move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6) or, alternatively, pursuant to 12(b)(2) and 12(b)(5).

Dated: May 17, 2019         **REED SMITH LLP**
  New York, NY

By: */s/ Joseph S. Jacobs*
Diane A. Bettino
Joseph S. Jacobs
599 Lexington Avenue, Floor 22
New York, NY  10022
Tel. (212) 549-0272
Fax (212) 521-5450
jjacobs@reedsmith.com
*Attorneys for Defendants*