UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYSIN LORICK CYNTHIA LORICK,<br><br>   Plaintiff,<br><br> v.<br><br>KILPATRICK TOWNSEND AND STOCKTON LLP; COLIN M. BERNARDINO; KEITH BRANDOFINO; JOHN M. CHURCH; SUMIT JAIN; WELLS FARGO; BERKADIA COMMERCIAL MORTGAGE,<br><br>   Defendants | Case No. 1:18-cv-07178-ENV-JO |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. RULES 12(b)(1) AND 12(b)(6)**

**REED SMITH LLP**
599 Lexington Ave.
New York, New York 10022
(212) 521-5400
(212) 521-5450
*Counsel for Defendant Wells Fargo Bank, N.A.
Incorrectly sued herein as "Wells Fargo"*

- i -

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

RESTATEMENT OF RELEVANT PROCEDURAL HISTORY ................................................. 3

LEGAL ARGUMENT .................................................................................................................. 4

    I.    Plaintiffs' Claims Are Barred By The Doctrine Of Res Judicata ...................................... 4

    II.    This Court Lacks Jurisdiction Pursuant To The Rooker-Feldman Doctrine ...................... 7

    I.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted ..................... 9

    II.    Plaintiffs' Request For Leave To Amend The Complaint, Made In Opposition To This Motion, Is Improper And Must Be Denied ................................................................ 11

    III.    The Complaint Must Be Dismissed Under Rules 12(b)(2) and 12(b)(5) Because Process Has Not Been Served And This Court Lacks Personal Jurisdiction.................... 12

CONCLUSION ............................................................................................................................ 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................10

*Bartlett v. Honeywell Int'l, Inc.*,
 737 Fed.Appx. 543 (2d Cir. 2018) ..................................................................................12

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .....................................................................................................9, 10

*Burgos v. Hopkins*,
 14 F.3d 787 (2d Cir. 1994) ............................................................................................4, 6

*Burka v. N.Y. City Transit Auth.*,
 32 F.3d 654 (2d Cir. 1994) .........................................................................................4, 5, 6

*Chamaidan v. Tomy B. Haircare Inc.*,
 2019 U.S. Dist. LEXIS 173052 (E.D.N.Y. Sept. 30, 2019) ............................................12

*Exxon Mobil Corp. v. Saudi basic Industries Corp.*,
 544 U.S. 280 (2005) .......................................................................................................7, 9

*Feinstein v. The Chase Manhattan Bank*,
 No. 06-CV-1512, 2006 WL 898076 (E.D.N.Y. Apr. 5, 2006) ..........................................9

*Flaherty v. Lang*,
 199 F.3d 607 (2d Cir. 1999) ..............................................................................................4

*Food Holdings Ltd. v. Bank of Am. Corp.*,
 423 Fed. Appx. 73 (2d Cir. 2011) ...................................................................................11

*Grumbkow v. Greenpoint Bank*,
 132 Fed. Appx. 913 (2d Cir. 2005) ...................................................................................8

*Hoblock v. Albany County Bd. Of Elections*,
 422 F.3d 77 (2d Cir. 2005) ................................................................................................8

*In re: Hunter*,
 4 N.Y.3d 260 (2005) .........................................................................................................6

*Joblove v. Barr Labs, Inc.*,
 446 F.3d 187 (2d Cir. 2006) ............................................................................................12

*Estate of Keys v. Union Planters Bank, N.A.*,
   578 F.Supp.2d 636 (2008) ...........................................................................................7, 8

*Kontrick v. Ryan*,
   540 U.S. 443 (2004) ...........................................................................................................9

*McKithen v. Brown*,
   481 F.3d 89 (2d Cir. 2007) ................................................................................................8

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*,
   31 N.Y.3d 64 (2018) ..........................................................................................................6

*Popat v. Levy*,
   253 F.Supp.3d 527 (W.D.N.Y. 2017) ..............................................................................12

*Rivet v. Regions Bank of La.*,
   522 U.S. 470 (1998) ...........................................................................................................4

*Van Buskirk v. N.Y. Times Co.*,
   325 F.3d 87 (2d Cir. 2003) ..............................................................................................12

*WC Capital Mgmt., LLC v. UBS Secs., LLC*,
   711 F.3d 322 (2d Cir. 2013) ............................................................................................11

*Weston v. First Union Nat'l Bank*,
   201 F.3d 434 (2d Cir. 1999) ..............................................................................................6

*Whelton v. Educ. Credit Mgmt. Corp.*,
   432 F.3d 150 (2d Cir. 2005) ..........................................................................................4, 5

**Rules**

Fed. R. Civ. P. 8(a)(2) .............................................................................................................10

**PRELIMINARY STATEMENT**

Defendant Wells Fargo Bank, N.A., incorrectly sued herein as "Wells Fargo" (hereinafter, "Wells Fargo"), by and through its attorneys, Reed Smith LLP, hereby submits this Reply Memorandum of Law in further support of Wells Fargo's Motion for an Order: (1) dismissing this action in its entirely pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a cause of action, or (2) alternatively, dismissing this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), for lack of personal jurisdiction and improper service of process, and (3) granting such other relief as this Court deems proper. As set forth in Defendant's moving papers, dismissal of the Complaint is warranted because this action is a collateral attack on a disposed foreclosure action (the "Foreclosure Action") by borrowers who have not made a mortgage payment in years.

As a threshold matter, as detailed in the moving papers, this action is barred by the doctrine of res judicata, since the claims herein arise from the same transaction that was at issue in the Foreclosure Action, i.e. the subject mortgage loan (the "Loan") and Plaintiffs' alleged efforts to resolve their default thereunder. Moreover, it is beyond dispute that plaintiffs Boysin Lorick and Cynthia Lorick ("Plaintiffs") have already asserted the exact same claims asserted in their Complaint herein – specifically fraud, bad faith, and conspiracy – in the Foreclosure Action, in which the Supreme Court of the State of New York, Kings County, considered and rejected those exact claims and granted final judgment in Defendant's favor. Finally, it cannot be disputed that both Plaintiffs and Defendant were parties to the Foreclosure Action, in which Defendant was plaintiff and Plaintiffs were named as defendants. Accordingly, the doctrine of res judicata bars Plaintiffs' claims herein, which were raised, considered, and rejected in the Foreclosure Action.

- 2 -

In addition, this action is barred by the *Rooker-Feldman* doctrine, notwithstanding Plaintiffs' bald statement that they are not seeking to set aside the Judgment of Foreclosure and Sale entered in the Foreclosure Action, it is clear that the entire basis of the Complaint is an attack on the validity of the Judgment of Foreclosure and Sale. *See* Plaintiffs' Complaint, *p. 10* (complaining of "serious fraud at the state court," "foreclosure without due process," "filing false papers," and other similar but less-than-coherent allegations). Stated differently, this Court could not possibly award Plaintiffs the relief requested in their Complaint without determining that the Judgment entered in the Foreclosure Action was improperly obtained pursuant to alleged fraud and misconduct. The plain language of Plaintiffs' own Complaint leaves no question that this action is a collateral attack on the procedure and process of the Foreclosure Action, notwithstanding conclusory statements to the contrary in the Complaint or unsworn arguments of Plaintiffs' counsel in opposition to this Motion to Dismiss. Thus, pursuant to well-established precedent and as set forth in detail below, this action is subject to dismissal pursuant to the *Rooker-Feldman* doctrine.

Even assuming *arguendo* that the Complaint is not barred by the doctrine of res judicata as well as the *Rooker-Feldman* doctrine, the allegations set forth in the Complaint are legally insufficient and fail to set forth the requisite facts to form any cause of action. To the extent that Plaintiffs' Complaint raises any cognizable claims against Wells Fargo, Plaintiffs set forth nothing more than conclusory allegations without *any* factual or evidentiary support. Indeed, *the Complaint contains no actual factual content*, and thus Plaintiffs' causes of action cannot cross

the line from conceivable to plausible. Accordingly, Plaintiffs' Complaint fails to satisfy Rule 8(a) and must be dismissed pursuant to Rule 12(b)(6).[1]

Finally, to the extent Plaintiffs' opposition to this Motion requests leave to amend the Complaint, that request is improper in opposition and without a proper notice of motion and, for that reason alone, that request must be denied. In any event, as stated above and demonstrated herein, Plaintiffs' claims are barred by the preclusive doctrine of res judicata, as well as the *Rooker*-*Feldman* doctrine and, therefore, any amendment would not serve the interests of justice or judicial economy and would further prejudice the parties to this action.

## RESTATEMENT OF RELEVANT PROCEDURAL HISTORY

On January 30, 2013 Wells Fargo commenced the Foreclosure Action against Plaintiffs in New York Supreme Court, Kings County, under Index No. 500469/2013, seeking to foreclose a lien on real property located at 3126 Coney Island Avenue, Brooklyn, NY 11235 (the "Property"). *See Declaration of Joseph S. Jacobs ("Jacobs Decl."), Ex. 1*. Plaintiff Boysin Lorick appeared in the Foreclosure Action by serving an Answer to the Complaint on or about March 20, 2013. *Id., Ex. 2*. Cynthia Lorick defaulted in answering in the Foreclosure Action. *See id*. After Wells Fargo obtained a Final Judgment of Foreclosure and Sale in the Foreclosure Action, Plaintiffs made a motion to vacate which raised the same allegations of fraud, bad faith, and conspiracy that are raised in the Complaint herein. *See Jacobs Aff., Ex. 4. ¶¶ 15, 24-29*. It is not disputed that that motion was denied. *Id., Ex. 5*.

---

[1] Plaintiffs also do not dispute that personal jurisdiction is lacking and that this action is subject to dismissal pursuant to Rules 12(b)(2) and 12(b)(5).

**LEGAL ARGUMENT**

**I.        Plaintiffs' Claims Are Barred By The Doctrine Of *Res Judicata***

Plaintiffs' opposition argue that the doctrine of *res judicata* does not apply because (a) the parties in this action are not the exact same parties that were named in the Foreclosure Action; (b) the Foreclosure Action did not require determination of Plaintiffs' instant claims; (c) Plaintiffs' claims were not raised in the Foreclosure Action; and (d) *res judicata* cannot apply to bar claims that accrued subsequent to commencement of the prior action. However, notwithstanding Plaintiffs' arguments in opposition, the doctrine of res judicata applies to bar Plaintiffs' claims, which expressly and unambiguously challenge actions allegedly taken in the Foreclosure Action and seek relief based thereon.

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action," not just those that were actually litigated. *Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). "In applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgement would have had in state court." *Burka v. N.Y. City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). New York courts apply a transactional approach to *res judicata*, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The doctrine applies only if (1) there is a previous adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims involved were or could have been raised in the previous action. *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150, 155 (2d Cir. 2005).

Here, each of the elements of *res judicata* is satisfied. First, the Amended Final Judgment of Foreclosure and Sale entered in the Foreclosure Action constitutes a final adjudication on the merits. *Jacobs Aff., Ex. 6*. Second, both Plaintiffs and Wells Fargo were parties to the Foreclosure Action. *See, id.* Finally, Plaintiffs have already sought relief in the Foreclosure Action based upon the same allegations of fraud, bad faith, and conspiracy made herein. *See Jacobs Aff., Ex. 4, ¶¶ 15, 24-29*. Accordingly, it cannot be disputed that Plaintiffs' claims were, or should have been, raised in the Foreclosure Action, and are barred under New York's transactional approach to res judicata.

Plaintiffs' first argument in opposition to the application of res judicata is that the doctrine does not apply because the parties to this action and the Foreclosure Action are not exactly identical. *Pls' Opp.* at 6. However, this argument has no basis in fact or law, since it cannot be disputed that both Plaintiffs and Wells Fargo were named parties in the Foreclosure Action and are also named herein. *See Jacobs Aff., Ex. 6*. Accordingly, any differences between the other parties is only relevant to whether Plaintiffs' repetitive claims are precluded as to those parties, and has no bearing whatsoever as to whether Plaintiffs' repetitive claims are precluded as against Wells Fargo. *See, e.g., Whelton*, 432 F.3d at 155.

Plaintiffs' second and third challenges to Defendant's showing that *res judicata* bars the claims herein are that (1) the claims in the Complaint were not necessarily decided in the Foreclosure Action, and/or (2) the claims in the Complaint were not raised in the Foreclosure Action. *See Pls' Opp.* at 7-8. However, these arguments mischaracterize the applicable legal standard and misstate the relevant factual history. First, as set forth above, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgement would have had in state court." *Burka v. N.Y.*

*City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994). New York courts apply a transactional approach to *res judicata*, "barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Id.* (*quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). The New York Court of Appeals has repeatedly and recently held that "res judicata applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation." *In re: Hunter*, 4 N.Y.3d 260, 269 (2005). For instance, in *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, the Court of Appeals expressly and unambiguously stated as follows:

> While issue preclusion applies only to issues actually litigated, claim preclusion (sometimes used interchangeably with 'res judicata') more broadly bars the parties or their privies from relitigating issues that were or *could have* been raised in that action. The doctrine encompasses the law of merger and bar – it precludes the relitigation of all claims falling within the scope of the judgment, regardless of whether or not those claims were in fact litigated.

31 N.Y.3d 64, 72 (2018) (emphasis in original).

Thus, the dispositive question is whether Plaintiffs' claims herein arise out of the same transaction or series of transactions that were at issue in the Foreclosure Action, and it is not relevant whether Plaintiffs' claims were "actually raised" or "necessarily decided" in the Foreclosure Action. Under New York's transactional approach to res judicata, it is beyond dispute that the claims herein arise from the same transaction that was at issue in the Foreclosure Action – the mortgage Loan and Defendant's effort to enforce same. Indeed, the Second Circuit has held that with regard to actions relating to foreclosure proceedings, claims of foreclosure-related fraud and misrepresentation "arise from the same factual grouping that forms the basis of . . . [the] state court action." *Weston v. First Union Nat'l Bank*, 201 F.3d 434, 434 (2d Cir.

1999). Likewise Plaintiffs' claim "that the foreclosure did not adhere to Due Process requirements is similarly precluded," as those claims "involve issues that were or could have been raised in [the prior foreclosure] action." *Estate of Keys*, 578 F.Supp.2d at 636.

Plaintiffs' final challenge in opposition to Defendant's showing that the Complaint is barred by res judicata is that Plaintiffs' claims accrued prior to commencement of the Foreclosure Action and, thus, that res judicata cannot apply. However, this argument ignores the record fact that Plaintiffs appeared in the Foreclosure Action and, therein, raised the same claims alleged in the Complaint in this action. *See Jacobs Aff., Ex. 4 [Affirmation of Frank Wharton dated April 1, 2014]. ¶¶ 15, 24-29*. Accordingly, the documentary record shows that Plaintiffs did, in fact, raise the instant claims in the Foreclosure Action and, therefore, Plaintiffs' argument that they accrued *after* the Foreclosure Action is unavailing. Plaintiffs' own filings in the Foreclosure Action demonstrate that the instant claims were known to Plaintiffs during the pendency of the Foreclosure Action and, accordingly, those claims are barred by res judicata.

**II.     This Court Lacks Jurisdiction Pursuant To The *Rooker-Feldman* Doctrine**

Plaintiffs' opposition argues that the *Rooker-Feldman* doctrine does not apply because they do not seek to set aside any state court judgment. However, notwithstanding the logical contortions of Plaintiffs' counsel, the alleged "harm" that Plaintiffs seek to remedy through their claims in this action is the relief granted by the state court in the Foreclosure Action. Indeed, Plaintiffs' Complaint makes clear that it is attacking the validity of the Judgment of Foreclosure and Sale and seeking relief based on the alleged invalid and/or improper entry thereof.

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi basic Industries Corp.*, 544 U.S. 280 (2005). Application of the *Rooker-Feldman*

doctrine "turns not on the similarity between a party's state-court and federal-court claims . . . but rather on the *causal relationship between the state-court judgment and the injury of which the party complains in federal court*." *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007) (emphasis added). Here, there is an undeniable causal relationship between the state court judgment and the injury of which Plaintiffs' complain, allegedly resulting from fraud committed in the Foreclosure Action as a result of which "the defendants destroyed [plaintiff] by taking away [their] property." *See Complaint ¶ 10*. Indeed, pursuant to well-established precedent, since Plaintiffs would not have lost the property but-for the foreclosure, and "since the foreclosure would not have occurred but-for the judgment," Plaintiffs' claimed injuries resulting from the alleged improper in the Foreclosure Action "may fairly be said to have been produced by the state-court judgment." *Hoblock v. Albany County Bd. Of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). Thus, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

In *Grumbkow v. Greenpoint Bank*, the Second Circuit applied the *Rooker-Feldman* doctrine to bar a foreclosure-related collateral attack where the claims at issue are "*essentially challenging* the result of the New York Supreme Court proceedings." 132 Fed. Appx. 913, 914 (2d Cir. 2005). There, the plaintiff filed suit following his loss in a foreclosure action in New York State Court, alleging "various wrongdoing by [the foreclosing lender], including its alleged use of fraudulent methods in attaining the foreclosure order from the New York Supreme Court." *Grumbkow*, 132 Fed.Appx. at 913. However, the Second Circuit in *Grumbkow* affirmed the District Court's dismissal of the Complaint, in entirety, on *Rooker-Feldman* grounds. *Id*. at 914. This is the precise situation before the Court now, and *Grumbkow* governs. *See also Estate of Keys*, 578 F.Supp.2d at 637 ("[E]ven if plaintiff provided sufficient evidence for the Court to find that the foreclosure proceedings were wrongly decided – thereby potentially stating a claim

- 8 -

for conversion – such a finding would be beyond the scope of this Court's authority because *it would require negating the state court's determinations*.") (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *Feinstein v. The Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006).

Notwithstanding Plaintiffs' assertion that they are "[not seeking] to set aside the State Court judgment," the Complaint is rife with allegations that the State Court was defrauded and seeks relief based upon that alleged fraud, necessarily requiring this Court to review the State Court decisions and adjudicate the propriety thereof. Accordingly, pursuant to the above-cited precedent, Plaintiffs' claims herein are indisputably and inextricably intertwined with the Foreclosure Action and are barred by the *Rooker-Feldman* doctrine. Because this Court lacks subject matter jurisdiction under the *Rooker-Feldman* Doctrine, Plaintiffs' Complaint must be dismissed. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (holding that when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety).

I. **The Complaint Fails to State a Claim Upon Which Relief May Be Granted**

Even assuming *arguendo* that Plaintiffs' claims were not barred by the *Rooker-Feldman* doctrine and the doctrine of res judicata, Plaintiffs' Complaint must nonetheless be dismissed because it fails to state a claim. Plaintiffs' opposition attempts to rehabilitate the glaring pleading deficiencies by offering an unsworn memorandum of law by an attorney with no personal knowledge of the relevant facts. *See Pls' Opp.* However, Plaintiffs' opposition is insufficient to establish that the Complaint states any claim upon which relief can be granted.

A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will a complaint survive a motion to dismiss if it provides mere

"naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Rather, to survive a motion to dismiss based on the sufficiency of the pleading; a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility where – but only where – the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Thus, the relevant question is not whether any facts **could be** conjured up that would state a claim for relief, but whether sufficient facts **have been** pleaded in the first instance to support the alleged legal claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-83 (2009). In undertaking this inquiry, a Court should be mindful that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, Plaintiffs' Complaint is rife with the "blanket assertions of entitlement to relief" that the *Twombly* standard guards against. *See Twombly*, 550 U.S. at 558. *The Complaint contains no actual factual content*, and thus Plaintiffs' causes of action cannot cross the line from conceivable to plausible. Specific pleading deficiencies include, but are not limited to:

(1) Plaintiff references that he made payments that were not properly accounted for in the Foreclosure Action, but fails to reference the amount of such payments or to specify any specific date on which such a payment was made.

(2) Plaintiff references that he exercised a right to "renewal" but fails to specify the contractual or statutory basis for that right and does not provide a single factual detail in support of this claim, such as the date of any payment, the amount of any payment, or where that payment was sent.

(3) Plaintiff alleges that Defendant combined with the other defendants "to commit serious fraud at the state court" but does not specify what specific misrepresentation was made, when, or by whom, other than repeated and vague references to an unspecified "option of renewal."

(4) Plaintiffs allege that due process was violated in the Foreclosure Action but do not specify how that violation occurred beyond general and conclusory statements that fraud occurred.

(5) Plaintiffs allege that Defendant "lied in the bankruptcy and state court" with respect to alleged receipt of $230,000 in payments allegedly "made [by Plaintiffs] after renewal," but again, Plaintiffs do not provide the dates or amounts of any specific payments, where those payments were sent, etc.

Put simply, Plaintiffs have not pled *any* specific facts to support their claim that "defendants coluded [sic] together to make money out of [Plaintiffs'] property by committing federal crime." *See Pls' Complaint* ¶ 10.

## II. Plaintiffs' Request For Leave To Amend The Complaint, Made In Opposition To This Motion, Is Improper And Must Be Denied

Plaintiffs also request leave to amend their Complaint in their opposition to Defendant's instant Motion. *See Pls' Opp.* at 10-12. However, this request is unsupported and, in any event, improperly made in opposition. Therefore, Plaintiffs' request for leave to amend must be denied.

In *WC Capital Mgmt., LLC v. UBS Secs., LLC*, the Second Circuit affirmed the District Court's denial of leave to amend the complaint where the plaintiff "conclusorily requested leaved to amend . . . in its opposition . . . without specifying what additional factual allegations it would include if leave were granted . . . ." 711 F.3d 322, 334 (2d Cir. 2013). That is precisely the factual scenario before the Court here, where Plaintiffs' Opposition concedes that "the Complaint needs elaboration and more detailed facts and dates, which [Plaintiffs] will provide upon an opportunity to do so," yet inexplicably fails to specify what additional facts would be included such that leave to amend is warranted. *See Pls' Opp.* at 10-12. Plaintiffs do not include a copy of a Proposed Amended Complaint or otherwise proffer any facts that would justify the granting of leave to amend. *See Food Holdings Ltd. v. Bank of Am. Corp.*, 423 Fed. Appx. 73, 76 (2d Cir. 2011) (finding district court did not abuse its discretion in denying leave to amend complaint when request to amend was made "on the final page of their brief in opposition to

defendants' motion to dismiss, in boilerplate language and without any explanation as to why leave to amend was warranted" and collecting cases); *Chamaidan v. Tomy B. Haircare Inc.*, 2019 U.S. Dist. LEXIS 173052 (E.D.N.Y. Sept. 30, 2019) (affirming denial of leave to amend complaint where plaintiff "failed to identify new allegations that, if added to an amended complaint, would cure all the deficiencies in [the] original complaint.")

In any event, any amendment to the Complaint would be futile because, as described in detail herein, Plaintiffs' claims are barred by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine. Thus, in light of the futility of amending the Complaint herein, leave to amend should be denied. *See Joblove v. Barr Labs, Inc.*, 446 F.3d 187, 220 (2d Cir. 2006) (holding that "where an amendment would be futile, denial of leave to amend is proper"); *see also Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91092 (2d Cir. 2003).

Finally, Plaintiffs' request in opposition for leave to amend the complaint "does not comply with this Court's Local Rules regarding such motions" and, therefore, Plaintiffs' improper request should be denied for that reason alone. *See Bartlett v. Honeywell Int'l, Inc.*, 737 Fed.Appx. 543, 552 (2d Cir. 2018); *Popat v. Levy*, 253 F.Supp.3d 527, 546 (W.D.N.Y. 2017) ("If Plaintiff wishes to seek leave to amend . . . he should do so through a procedurally-compliant motion.").

**III.    The Complaint Must Be Dismissed Under Rules 12(b)(2) and 12(b)(5) Because Process Has Not Been Served And This Court Lacks Personal Jurisdiction**

If this Court is not inclined to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6), Wells Fargo alternatively requests dismissal under Rules 12(b)(2) and 12(b)(5). Wells Fargo has not been served with the Summons and Complaint in this action. Moreover, it is an indisputable matter of record that Plaintiffs have failed to file proof of timely service as required by Fed. R. Civ. P. 4(l) and (4)(m). None of this is disputed in Plaintiffs' opposition to

the instant Motion. Thus, as demonstrated above, Defendant is – at a minimum – entitled to dismissal of this action pursuant to 12(b)(2) and 12(b)(5).

## CONCLUSION

Pursuant to the foregoing, Wells Fargo respectfully requests a pre-motion conference and/or permission to move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6) or, alternatively, pursuant to 12(b)(2) and 12(b)(5).

Dated: December 2, 2019  
       New York, NY

**REED SMITH LLP**

By: */s/ Joseph S. Jacobs*  
Diane A. Bettino  
Joseph S. Jacobs  
599 Lexington Avenue, Floor 22  
New York, NY 10022  
Tel. (212) 549-0272  
Fax (212) 521-5450  
jjacobs@reedsmith.com  
*Attorneys for Defendants*