# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

WELLS FARGO BANK, N.A., as Trustee for
the registered holders of Sovereign Commercial
Mortgage Securities Trust, 2007-C1,
Commercial Mortgage Pass-Through
Certificates, Series 2007-C1,

                Plaintiff,

- against -

BOYSIN LORICK, CYNTHIA LORICK, NEW
YORK CITY DEPARTMENT OF HOUSING,
PRESERVATION AND DEVELOPMENT, NEW
YORK CITY ENVIRONMENTAL CONTROL
BOARD and "JOHN DOE NO. 1" TO "JOHN
DOE NO. 10" inclusive, the last ten names being
fictitious and unknown to plaintiff, the persons or
parties intended being the tenants, occupants,
persons or corporations, if any, having or claiming
an interest in or lien upon the premises described
in the complaint,

                Defendants.

Index No. 500469/2013

**STIPULATION OF
SETTLEMENT AND ORDER**

This Stipulation dated November ___, 2013 (the "Stipulation"), is entered into by and between Wells Fargo Bank, N.A., as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("Lender") acting by and through Waterstone Asset Management LLC and Boysin Lorick ("B. Lorick").

WITNESSETH

WHEREAS, on or about September 13, 2005, Independence Community Bank ("Independence"), Trustee's predecessor-in-interest, made a loan to B. Lorick and Cynthia Lorick (collectively, "Borrowers") in the original principal amount of $2,250,000.00 (the "Loan");

WHEREAS, as evidence of the Loan, Borrowers executed and delivered to Independence a Consolidated and Restated Mortgage Note dated September 13, 2005 in the original principal amount of $2,250,000.00 (the "Consolidated Note");

WHEREAS, as collateral security for the payment of the Consolidated Note, Borrowers executed, acknowledged and delivered to Independence a Consolidation, Extension and Modification Agreement dated September 13, 2005 (the "Consolidated Mortgage") on the Premises in the aggregate principal amount of $2,250,000.00;

WHEREAS, the Consolidated Mortgage was duly recorded against the Premises in the Office of the Register of the City of New York (the "Register's Office") on October 17, 2005 as City Register File Number ("CRFN"): 2005000577501;

WHEREAS, by assignment of mortgage dated June 21, 2007 and recorded July 17, 2007 in the Register's Office as CRFN: 2007000365694 (the "Assignment of Mortgage"), Sovereign Bank ("Sovereign"), successor by merger to Independence, assigned to Trustee all of its right, title and interest in and to the Consolidated Mortgage;

WHEREAS, by allonge executed contemporaneous with the Assignment of Mortgage (the "Allonge"), Sovereign transferred and assigned to Lender all of its right to obtain payment from Borrowers under the Consolidated Note;

WHEREAS, Lender is the current owner and holder of the Consolidated Note (and the notes consolidated thereby), Consolidated Mortgage (and the mortgages consolidated thereby), all other documents evidencing or securing the Loan (collectively, the "Loan Documents") and all rights relating thereto;

WHEREAS, Borrowers defaulted on their obligations under the Consolidated Note and Consolidated Mortgage by, inter alia, failing to pay the Loan in full on the Maturity Date (the "Default");

WHEREAS, by Notice of Default and Demand for Payment dated October 26, 2012 (the "Notice"), Lender, through its counsel, notified Borrowers, among others, of the Default and demanded payment within fifteen (15) days of the date of the Notice, no part of which has been paid despite demand;

WHEREAS, on January 30, 2013, Lender commenced this action to foreclose the Consolidated Mortgage on the Premises by filing a summons and complaint of the same date (the "Complaint") in the Supreme Court of the State of New York, County of Kings;

WHEREAS, Lender duly served each of the defendants herein with copies of the Complaint;

WHEREAS, on or about March 20, 2013, Defendant B. Lorick, appearing pro se, filed an answer dated March 20, 2013 (the "Answer");

WHEREAS, by Consent to Substitute Attorney dated May 8, 2013, Mark S. Friedlander, Esq. became counsel of record for B. Lorick;

WHEREAS, on May 17, 2013, Lender filed its Notice of Pendency with the Kings County Clerk's Office;

WHEREAS, Defendant New York City Department of Housing Preservation and Development appeared by notice filed June 11, 2013 and waived "service of all papers and notice of all proceedings in said action, except amended pleadings, notices of settlement of judgments and orders, notices of entry of judgments and orders, notices of applications for discontinuance of the action, referee reports, and all surplus money proceedings;"

WHEREAS, Defendants Cynthia Lorick and The New York City Environmental Control Board failed to answer or appear and their time to do so expired on March 20, 2013 and April 19, 2013, respectively;

WHEREAS, by Order Appointing Rent Receiver dated April 2, 2013, this Court appointed Douglas R. Rosenberg as Receiver of the Premises;

WHEREAS, by Order to Show Cause and Stipulation dated June 13, 2013, this Court, upon the consent of the parties, stayed the receivership;

WHEREAS, on July 22, 2013, Lender file an omnibus motion for summary judgment, which B. Lorick did not oppose;

NOW, THEREFORE, in consideration of the mutual covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree, as follows:

1. <u>Recitals</u>. All of the foregoing recitals are specifically incorporated into this Stipulation and made a part hereof.

2. <u>Acknowledgement of B. Lorick</u>. B. Lorick hereby agrees and acknowledges that:

(a) Lender is the current holder of the Loan Documents;

(b) Borrowers are in default of their respective obligations under the Loan Documents by failing to satisfy the amounts due at maturity; and

(c) As of November 12, 2013 the total amount due under the Loan Documents is **$2,447,121.60** (the "Outstanding Indebtedness") calculated as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $1,992,410.85 |
| Accrued and Unpaid Contract Interest Through and Including October 14, 2013 | $125,812.46 |
| Accrued and Unpaid Default Interest Through and Including October 14, 2013 | $239,768.88 |
| Accrued and Unpaid Late Charges | $100,056.38 |
| Servicer Administrative Fees | $300.00 |
| Interest on Advances | $2,499.34 |
| Property Protection Advances | $375.00 |
| Outstanding Escrow Advances | $1,855.75 |
| Appraisal Fee | $5,000.00 |
| Attorneys' Fees and Costs through execution of Settlement Agreement | $74,816.50 |
| *Subtotal* | *$2,542,895.16* |
| Credit for Escrow Funds on Deposit | $95,773.56 |
| Total | $2,447,121.60 |

(d)   Borrower acknowledges that the amount due under the Loan Documents shall continue to accrue through the date of payment. The Outstanding Indebtedness together with such additional interest calculated through the date of payment as well as Lender's costs and expenses incurred through the date of payment shall be referred to as the "Payoff Amount."

3.   <u>Release of Lender</u>. Simultaneously with the execution of this Stipulation, B. Lorick shall execute and deliver to Lender a release in the form attached hereto as **Exhibit 1**.

4.   <u>The Foreclosure Action</u>.

5

(a) B. Lorick consents to the relief sought by Lender in the Complaint and the parties request that contemporaneously with so ordering this Stipulation, the Court enter final judgment of foreclosure and sale in the form attached hereto as **Exhibit 2**;

(b) B. Lorick hereby waives the right to a hearing on the computation by a court appointed referee;

(c) B. Lorick consents to a foreclosure sale being held after January 1, 2014, subject to publication requirements, which shall commence on or after January 1, 2014;

(d) B. Lorick hereby waives notice, including, without limitation, notice of the foreclosure sale; and

(e) In the event that B. Lorick pay the Payoff Amount prior to January 1, 2014, Lender shall discontinue this action and discharge the Notice of Pendency.

5. <u>Representations, Warranties, and Covenants</u>. B. Lorick hereby represents warrants, and covenants to Lender that:

(a) he shall execute any other documents and perform such other acts as are reasonably required by Lender and its counsel in furtherance of this Stipulation and the transactions contemplated hereby;

(b) all representations and warranties herein shall be true and correct in all material respects, as of the date hereof, except if such representation, warranty, or covenant specifically states a different time period;

(c) there exist no claims, actual, threatened, or alleged against B. Lorick of which B. Lorick has knowledge or reason to know of relating to or arising in connection with the Premises, other than those made by Lender in connection with the Loan Documents;

(d) no petition for bankruptcy, reorganization, or arrangement pursuant to federal bankruptcy law, or any similar federal or state law, whether voluntary or involuntary, has been filed by or against B. Lorick, and that no receiver, liquidator, or trustee has been appointed in regard to the Premises, with the exception of the receiver appointed in this action;

(e) there are no pending, or to the knowledge of B. Lorick, threatened, condemnation or eminent domain proceedings that would affect any part of the Premises;

(f) B. Lorick will not enter into any new leases, licenses, occupancy agreements, or other agreements for any portion of the Premises without Lender's prior written consent;

(g) the documents required to be delivered to Lender, pursuant to this Stipulation, if any, are true, correct, and complete in all material respects, and have not been modified or amended; and

(h) B. Lorick knowingly and intentionally covenants and agrees not to sue or commence any action or counterclaim or cross-claim against Lender or its affiliates, agents, employees, and attorneys, for any claims, demands, expenses, and liabilities of whatsoever kind and nature arising from or in any matter connected with this Stipulation, the Loan Documents, and the lending relationship between the parties.

7. <u>Ratification and Reaffirmation</u>. B. Lorick hereby ratifies and reaffirms: (i) that the security interest granted in and to the Premises by the Consolidated Mortgage is valid, binding, and in full force and effect; and (ii) all of his obligations under the Loan Documents. B. Lorick represents and warrant to Lender that as of the date hereof, he has no right of set-off, nor any defense, protest, objection, claim, or counterclaim with respect to the loan amount or against

the enforcement of Lender's rights and remedies hereunder or under the Loan Documents, at law, in equity or otherwise.

8.  Further Security.

(a) B. Lorick shall sign any and all documents (including, without limitation, UCC financing statement(s)) reasonably required by Lender to perfect and maintain the security interest granted herein and in accordance with the Loan Documents, and B. Lorick authorizes Lender to file any such statements, amendments, and continuations thereto without B. Lorick's signature, and B. Lorick designates Lender or Lender's designee as B. Lorick's attorney-in-fact to sign, file and/or record any such documents.

(b) B. Lorick shall sign and deliver any other documents or perform such actions reasonably requested by Lender to further the intent this Stipulation and the Loan Documents.

9.  Indemnification. B. Lorick shall, and hereby covenant and agree to, protect, defend, indemnify, and hold Trustee and its affiliates, agents, employees and attorneys, harmless from and against any and all liabilities, obligations, claims, damages, penalties, causes of action, costs, and expenses (including, without limitation, reasonable attorneys' fees and expenses) arising or occurring out of: (i) any of the representations and warranties made by B. Lorick in this Stipulation being untrue in any material respect; and (ii) any and all claims of any kind and description made against Lender.

10. Hazardous Materials. B. Lorick represents that to the best of his knowledge there are no materials currently located on the Premises that violate any applicable federal, state, or local law, statute, ordinance, or regulation, court or administrative order or decree, or private agreement (hereinafter collectively called "Environmental Requirements") or

8

that require special handling in collection, storage, treatment, or disposal (the "Hazardous Materials"). B. Lorick represents that he has not placed or permitted to be placed any such materials on the Premises and has not used or permitted the use of the Premises in a manner that violates applicable Environmental Requirements. B. Lorick represents that he has received no letters or other communications respecting the Premises from any governmental or quasi-governmental authority or agency concerning Environmental Requirements nor has he sent the same to any such authority or agency. B. Lorick shall indemnify, hold harmless, reimburse, and, upon request of Lender, its designee or assignee, defend Trustee, its designee or assignee, from, against, and for any and all liability or responsibility that may at any time be imposed upon it by reason of the Premises or any portion thereof or the operation or use thereof by B. Lorick or any prior owner thereof not complying fully with all Environmental Requirements.

11. <u>No Assumption</u>. Lender expressly does not assume any of the rights or obligations of Borrowers, contractual or otherwise, in connection with the Premises or any part thereof. If Trustee wishes to assume any such rights or obligations, it shall be deemed to have done so only in a writing signed by the Lender.

12. <u>Fraudulent Transfer</u>. If any payments of money made by B. Lorick to Lender or Lender's agents, hereunder, should for any reason subsequently be declared to be "fraudulent" (within the meaning of any state or federal law relating to fraudulent conveyances), preferential, or otherwise voidable or recoverable, in whole or in part for any reasons, under the Bankruptcy Code or any other federal or state law (collectively referred to herein as "Voidable Transfers") and Lender is required to repay or restore the amount of any such Voidable Transfers or any portion thereof, then, as to the amount repaid or restored pursuant to any such Voidable Transfer (including all costs, expenses, and attorneys' fees of Lender related thereto) the liability

9

of B. Lorick shall automatically be revived, reinstated, and restored in such amount or amounts, and shall exist as though such Voidable Transfer had never been made to Lender. Nothing set forth herein is an admission that such Voidable Transfer has occurred or will occur. B. Lorick expressly acknowledges that Lender may rely upon advice of counsel and, if so advised by counsel, may settle, without defending, any action to void any alleged Voidable Transfer, and that upon such settlement B. Lorick shall again be liable for any deficiency resulting from such settlement as provided in this Stipulation.

13. <u>Event of Default</u>. The occurrence or happening of any one of the following events (an "Event of Default") shall constitute a default hereunder in which event B. Lorick shall be in default under this Stipulation:

(a) failure of B. Lorick to perform all terms and conditions of this Stipulation, or under any other document agreement or instrument entered into by the parties in connection herewith as and when required by the terms hereof;

(b) there is a default or an Event of Default under any of the Loan Documents other than the Default,

(c) if there shall occur any uninsured damage to the Premises caused by the negligence of B. Lorick; or

(d) the inaccuracy or breach of any of the agreements, representations, warranties, acknowledgments, or covenants, made by B. Lorick in this Stipulation;

(e) if any voluntary proceeding is commenced by B. Lorick under any reorganization, arrangement, readjustment, moratorium law or statute including, without limitation, the United States Bankruptcy Code, or if any involuntary proceeding under any reorganization, arrangement, readjustment, moratorium law or statute, including without

10

limitation, the United States Bankruptcy Code, is commenced against B. Lorick and such proceeding is not dismissed within twenty (20) days of its commencement, or if B. Lorick make, negotiate, or commence negotiations for a partial or complete assignment of his assets for the benefit of creditors pursuant to statutory or common law;

(f) if B. Lorick or any of his successors or assigns, or any other person or entity including, without limitation, a debtor-in-possession or a trustee, commences and obtains judgment in any action under any federal or state statute or common law to avoid all or any part of the transactions or payments contemplated by this Stipulation; or

(g) if B. Lorick shall commit any waste of the Premises.

14. Remedies. Upon the occurrence of an Event of Default, Lender shall send B. Lorick written notice of such default and provide him with five (5) days to cure such default. In the event that B. Lorick shall fail to cure such Event of Default within such five (5) day period, then, at the option of Lender, the Stay Period shall expire immediately and Lender may:

(a) immediately schedule a foreclosure sale; and

(b) invoke such other or additional remedies, in its sole discretion, as may be permitted under the Loan Documents or available to Lender at law or in equity.

15. Notices. All notices, requests, and demands required to be given hereunder shall be in writing and shall be deemed to have been duly given upon the date of service if served personally upon the party for whom intended or upon the date of mailing if mailed by certified mail to such party at the address as shown below, or such other address as hereafter designated by such party in writing:

| | |
|---|---|
| If to Trustee: | Waterstone Asset Management, LLC<br>8720 Red Oak Blvd., Ste. 300<br>Charlotte, North Carolina 28217<br>Attn: Sumit K. Jain |
| with a copy to: | Kilpatrick Townsend & Stockton LLP<br>1114 Avenue of the Americas, 21st Floor<br>New York, New York 10036<br>Attention: Keith M. Brandofino, Esq. |
| If to B. Lorick: | Boysin Lorick<br>38 Utica Road<br>Edison, New Jersey 08820 |
| With a copy to: | Mark S. Friedlander, Esq.<br>15 Maiden Lane<br>Suite 2000<br>New York, New York 10028 |

16. Miscellaneous.

(a) Financial Statements. B. Lorick shall deliver a copy of the current financial statements for the Premise contemporaneously with the execution of this Stipulation. This shall include, but is not limited to, the following: (i) copies of all tax returns; (ii) monthly operating statements for the Premises; (iii) quarterly operating statements for the Premises; (iv) annual financial statements for B. Lorick (setting forth B. Lorick's balance sheet and operating statements for the Premises); and (v) a current Rent Roll certified by B. Lorick as being true, correct and complete.

(b) Delay not a Waiver. No delay or omission in the exercise of any power or remedy herein provided or otherwise available to Lender shall impair or affect Lender's right thereafter to exercise same.

(c) Conflicts. If the terms and provisions contained in the Loan Documents in any way conflict with the terms and provisions contained in this Stipulation, the terms and provisions of this Stipulation shall prevail.

12

Case 1:18-cv-07178-ENV-JO Document 45-3 Filed 06/01/20 Page 14 of 17 PageID #: 517

(d) <u>Material Adverse Change</u>. B. Lorick shall, as soon as practicable but in any event within five (5) days after learning of any of the following, give written notice to Lender or its designated agent of: (i) any material proceeding instituted or threatened to be instituted, by or against B. Lorick in any federal, state, local, or foreign court or before any commission or other regulatory body (federal, state, local, or foreign); (ii) any material adverse change in business, assets, or condition, financial or otherwise, of B. Lorick; and (iii) the filing of any lien or encumbrance against the Premises.

(e) <u>Compliance with Laws</u>. B. Lorick will comply with all applicable laws and regulations with respect to his property and business, or such laws and regulations as are hereafter enacted or promulgated by any governmental or quasi-governmental authority having jurisdiction over his or any of his property.

(f) <u>Remedies Cumulative</u>. The rights and remedies granted to Lender hereunder are cumulative, and Lender has the right, without waiving any rights, to exercise any one or more of such rights alternatively, successively, or concurrently, as Trustee, in its sole discretion, deems advisable.

(g) <u>Partial Invalidity</u>. In the event any of the terms, conditions, or covenants contained in this Stipulation shall be held to be invalid, then any such invalidity shall not affect any other of the terms, conditions, or covenants contained herein, which terms, conditions, and covenants shall remain in full force and effect.

(h) <u>Construction</u>. The terms and conditions set forth in this Stipulation are the product of joint draftsmanship by the parties, each being represented by counsel, and any ambiguities in this Stipulation or any documentation prepared pursuant to or in connection with this Stipulation shall not be construed against any of the parties because of draftsmanship.

13

(i) <u>Time is of the Essence</u>. B. Lorick understands and agrees that **TIME IS OF THE ESSENCE** with respect to all dates set forth in this Stipulation.

17. <u>Counterparts</u>. This Stipulation may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. A facsimile or Portable Document Format copy of this Stipulation shall be deemed an original.

18. <u>Waiver or Amendment</u>. No amendment, modification, termination, or waiver of any provision of this Stipulation, nor consent to any departure by B. Lorick from this Stipulation, shall in any event be effective unless the same shall be in writing and signed by Trustee, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

19. <u>Merger</u>. This Stipulation constitutes the entire agreement of the parties hereto, it being understood and agreed that all prior and contemporaneous representations, statements, understandings and agreements, oral or written, between the parties concerning the subject matter of this Stipulation are merged into this Stipulation, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying on any statement or representation, whether written or oral, not embodied in this Stipulation made by the other or any third party acting on behalf of the other. To the extent that any provision of this Stipulation conflicts with any provision in the Loan Documents, this Stipulation shall govern.

20. <u>Successors</u>. This Stipulation shall be binding upon and inure to the benefit of Lender and B. Lorick and their respective successors and assigns, except that B. Lorick may

14

not assign or transfer any of his rights under this Stipulation without the prior written consent of Trustee.

21. <u>Jury Trial</u>. THE PARTIES HEREBY KNOWINGLY AND INTENTIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN CONNECTION WITH ANY MATTER RELATING IN ANY WAY TO THE LOAN OR THIS STIPULATION.

22. <u>Authority</u>. Each of the parties hereto warrants and represents to the other that each of them is authorized and empowered to enter into this Stipulation and perform its terms, and that in entering into this Stipulation and performing its terms, neither of them will be in violation of any other agreement, oral or written.

Dated:

KILPATRICK TOWNSEND & STOCKTON LLP

By: _____
Name: Keith M. Brandofino, Esq.
         Stefanie Lampf, Esq.
Attorneys for Plaintiff
1114 Avenue of the Americas
The Grace Building
New York, New York 10036
(212) 775-8713

BORROWER:

By: _____
Name: Boysin Lorick

By: _____
Mark S. Friedlander, Esq
Attorney for Defendant Boysin Lorick
15 Maiden Lane
Suite 2000
New York, New York 10028
(212) 962-2877

SO ORDERED:

_____
                                                J.S.C.

15.

not assign or transfer any of his rights under this Stipulation without the prior written consent of Trustee.

21. *Jury Trial.* THE PARTIES HEREBY KNOWINGLY AND INTENTIONALLY WAIVE ANY RIGHT TO TRIAL BY JURY IN CONNECTION WITH ANY MATTER RELATING IN ANY WAY TO THE LOAN OR THIS STIPULATION.

22. *Authority.* Each of the parties hereto warrants and represents to the other that each of them is authorized and empowered to enter into this Stipulation and perform its terms, and that in entering into this Stipulation and performing its terms, neither of them will be in violation of any other agreement, oral or written.

Dated: 2/21/14

KILPATRICK TOWNSEND & STOCKTON LLP

By:_____
Name: Keith M. Brandofino, Esq.
       Stefanie Lampf, Esq.
Attorneys for Plaintiff
1114 Avenue of the Americas
The Grace Building
New York, New York 10036
(212) 775-8713

BORROWER:

By:_____
Name: Boysin Lorick

By:_____
Mark S. Friedlander, Esq.
Attorney for Defendant Boysin Lorick
15 Maiden Lane
Suite 2000
New York, New York 10028
(212) 962-2877

SO ORDERED:

_____ J.S.C.

**HON. BERNARD J. GRAHAM**

2014 FEB 24 AM 9:53 FILED KINGS COUNTY CLERK

15