# EXHIBIT C

FILED: KINGS COUNTY CLERK 03/05/2014
NYSCEF DOC. NO. 152
INDEX NO. 500469/2013
RECEIVED NYSCEF: 03/05/2014

At a Commercial Part of the Supreme Court of the State of New York, held in and for the County of Westchester, at the Courthouse located at 360 Adams Street, Brooklyn, New York, on the 21 day of February, 2014

PRESENT: Hon. Bernard J. Graham
Justice of the Supreme Court

---

WELLS FARGO BANK, N.A., as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1,

    Plaintiff,

- against -

BOYSIN LORICK, CYNTHIA LORICK, NEW YORK CITY DEPARTMENT OF HOUSING, PRESERVATION AND DEVELOPMENT, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD and "JOHN DOE NO. 1" TO "JOHN DOE NO. 10" inclusive, the last ten names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

    Defendants.

Index No. 500469/2013

**FINAL JUDGMENT OF FORECLOSURE AND SALE**

---

UPON the summons and complaint dated January 30, 2013 duly filed in this action with the Office of the Kings County Clerk on the same date (the "Complaint"); and upon the Notice of Pendency of Action duly filed in this action with the Office of the Clerk of Kings County on May 17, 2013; and upon proceedings thereon, showing that each of the defendants herein have been duly served with the Summons and Complaint in this action; and it appearing to the satisfaction of the Court that plaintiff Wells Fargo Bank, N.A., as Trustee for the registered

holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Mortgage Pass-Through Certificates, Series 2007-C1 ("Plaintiff"), acting by and through Waterstone Asset Management LLC, its Sub-Special Servicer, brings this action to foreclose a Consolidation, Extension and Modification Agreement (the "Consolidated Mortgage") upon certain real and personal property situated in the City of New York, County of Kings, State of New York, Block 8678, Lot 59 on the Tax Map of the County of Kings, known by the street address 3126 Coney Island Avenue (the "Premises"); and upon the executed Stipulation of Settlement dated November ___, 2013 (the "Stipulation of Settlement"), pursuant to which Boysin Lorick ("B. Lorick") consented to entry of this final judgment of foreclosure and sale;

**ORDERED, ADJUDGED AND DECREED**, that pursuant to the terms of the Stipulation of Settlement the appointment of a referee to compute and ascertain the amount due to Plaintiff is waived as B. Lorick acknowledged that as of November 12, 2013 the total amount due under the Loan Documents is **$2,447,121.60** (the "Outstanding Indebtedness") calculated as follows:

| | |
|---|---|
| Unpaid Principal Balance | $1,992,410.85 |
| Accrued and Unpaid Contract Interest Through and Including October 14, 2013 | $125,812.46 |
| Accrued and Unpaid Default Interest Through and Including October 14, 2013 | $239,768.88 |
| Accrued and Unpaid Late Charges | $100,056.38 |
| Servicer Administrative Fees | $300.00 |
| Interest on Advances | $2,499.34 |
| Property Protection Advances | $375.00 |
| Outstanding Escrow Advances | $1,855.75 |



| | |
|---|---:|
| Appraisal | $5,000.00 |
| Attorneys' Fees and Costs through execution of Settlement Agreement | $74,816.50 |
| *Subtotal* | *$2,542,895.16* |
| Credit for Escrow Funds on Deposit | $95,773.56 |
| Total | $2,447,121.60 |

and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, as described in the Complaint filed in this action, or such part of the real property thereof as may be sufficient to discharge the mortgage debt evidenced by the Consolidated Mortgage in the original principal amount of $2,250,000.00 recorded in the Kings County Clerk's Office on October 17, 2005 as Control Number 2005000577501, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law, be sold at public auction, by and under the direction of *James I. Williams 363 6th Avenue Brooklyn NY*, at *(718) 965-1979*. In the absence of the designated Referee, the Court will designate a substitute Referee forthwith; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court, in *Brooklyn Eagle*; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten percent of the sum bid and shall execute Terms of Sale for the

purchase of the premises unless such successful bidder is the plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that the first successful bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the subject property, the property shall thereafter immediately, on the same day, be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine within forty-five days after such sale unless otherwise stipulated by all parties. Any delay or adjournment of the closing date beyond forty-five days may be stipulated among the parties, with the Referee's consent, up to ninety days from the date of sale, but any adjournment beyond ninety days may be set only with the approval of this Court; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that such successful bidder shall fail to close on the date set by the Referee, then the successful bidder shall lose and forfeit its deposit; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee deposit all funds received pursuant to this Order in his/her own name as Referee in _such bank as referee shall designate_ and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of such sale shall forthwith pay there from:

    FIRST:    The statutory fee of said Referee for conducting the sale not to exceed $500.00.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Said Referee shall also pay to the plaintiff or its attorneys the sum of $2,447,121.60, with interest at the rate set forth in the loan documents from October 15, 2013 to the date hereof, and the interest at the legal rate thereafter, or so much as the proceeds of the sale will pay of the same, and any expenses necessarily paid by the plaintiff to preserve the premises, such as the payment of taxes, etc., not previously included in any computations.

ORDERED, ADJUDGED AND DECREED, that in case the plaintiffs be the purchaser of the subject premises at said sale, said Referee shall not require the plaintiffs to pay in cash the entire amount bid at said sale, but shall execute and deliver only to the plaintiffs a deed of the premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST" and "SECOND" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount bid, after deducting there from the aforementioned payments to the Referee for compensation and expenses, taxes, assessments, sewer rents, water rates, shall be allowed to the plaintiffs and applied by said Referee upon the amounts due to the plaintiffs as specified in item marked "THIRD". If upon so applying the balance of the amount bid, there shall be a surplus over and above said amounts due to the plaintiffs, the plaintiffs shall pay to the said Referee, upon delivery to plaintiffs of said Referee's Deed, the amount of such surplus. Any surplus remaining

after all payments as herein provided shall be deposited into Court in accordance with RPAPL Section 1354 (4) and the Referee shall immediately give notice of such surplus to the owner of the subject premises as identified by plaintiffs at the time of the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee take the receipt of the plaintiffs or plaintiffs' attorney for the amounts paid as hereinbefore directed in item marked "THIRD", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only upon order of the Court, signed by a Justice of the Court; that said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale, accompanied by the vouchers of the persons to whom payment was made, and file it with the Westchester County Clerk, with a copy to the Chambers of the Appointing Justice, within thirty days upon completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

ORDERED, ADJUDGED AND DECREED, that if the proceeds of such sale be insufficient to pay the amount reported due to the plaintiff with interest and costs as aforesaid, the plaintiff shall recover from the defendants Boysin Lorick & Cynthia Lorick, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time

limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into possession on production of the Referee's Deed; and it is further

ORDERED, ADJUDGED AND DECREED, that in the event that the action is discontinued or the sale of the subject property is cancelled, the referee is entitled to a $250.00 fee; and it is further

ORDERED, ADJUDGED AND DECREED, that the each and all of the defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the liens of the plaintiff other than the mortgage or mortgages that are the subject matter of this action also be foreclosed herein as though the plaintiff was named as a party defendant, specifically reserving to the plaintiff its right to share in any surplus monies as a result of such position as a lien creditor.

That a description of the said mortgaged premises hereinbefore mentioned, is annexed hereto as Schedule A - Legal Description.

Said Premises being commonly known as 3126 Coney Island Avenue, Brooklyn, New York; and it is further

ORDERED ADJUDGED AND DECREED, that the premises be sold in "as is" condition and sold subject to:

1. Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley or highway;

2. Restrictions, covenants, agreements, reservations, and easements of record, if any, insofar as the same may be in force and effect;

3. Any state of facts an accurate, currently dated survey might disclose;

4. Any facts an inspection of the premises would reveal;

5. Rights of tenants and/or occupants in possession, if any;

6. The right of redemption of the United States of America, if any;

7. The rights of any defendants pursuant to CPLR §317, CPLR §2003 and CPLR §5015, if any;

8. Charges for maintenance of street vaults, if any;

9. Building or tract restrictions or regulations;

10. Violations, notices, orders or other requirements issued by any federal, state, city, county, town or village agencies having jurisdiction of record, if any, now or hereafter against the premises;

11. Security agreements, conditional bills of sale and chattel mortgages, if any;

12. The liens of any prior judgments, mortgages or other encumbrances of record;

13. Other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale shall pay for (i) any title insurance premiums; (ii) the Real Estate Transfer Tax (Article 31 of

the New York Tax Law) and any other tax imposed upon or arising from the transfer of title; (iii) all abstract of title creation and/or continuation charges, and (iv) any other charges, occurring as a result of the transfer, including, but not limited to, the recording fees; and it is further

ORDERED, ADJUDGED AND DECREED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of Equity of redemption, any tenant named in this action, any person having an interest in the premises, and any other party entitled to notice; and it is further

ORDERED, ADJUDGED AND DECREED, that any appointee named herein shall comply with Section 35A of the Judiciary Law.

Dated: 2/21/2014

ENTERED:

HONORABLE BERNARD J. GRAHAM, J.S.C.

HON. BERNARD J. GRAHAM

5021988V.2 57301/853817

NANCY T. SUNSHINE
Clerk

2014 MAR -5 PM 12:07

## Schedule A

All that certain plot, piece, or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of Coney Island Avenue, distant 56.27 feet Southerly from the corner formed by the intersection of the Westerly side of Coney Island Avenue and the Southerly side of Ocean View Avenue;

RUNNING THENCE Westerly at right angles to Coney Island Avenue, 100 feet;

THENCE Southerly and parallel with Coney Island Avenue, 100 feet;

THENCE Easterly at right angles to Coney Island Avenue, 100 feet to the Westerly side of Coney Island Avenue;

THENCE Northerly along the Westerly side of Coney Island Avenue, 100 feet to the point or place of BEGINNING.

TOGETHER with all right, title and interest of, in and to any streets and roads abutting the above described premises.

SAID PREMISES being known as and by the street number 3126 Coney Island Avenue, Brooklyn, New York.