UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOYSIN LORICK and CYNTHIA LORICK,<br><br>Plaintiffs,<br><br>v.<br><br>KILPATRICK TOWNSEND AND STOCKTON LLP;<br>COLIN M. BERNARDINO; KEITH BRANDOFINO;<br>JOHN M. CHURCH; SUMIT JAIN; WATERSTONE<br>ASSET MANAGEMENT; WELLS FARGO BANK NA;<br>and BERKADIA COMMERCIAL MORTGAGE,<br><br>Defendants. | Civil Action File No.<br>18-cv-07178 |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR DISMISSAL OF THE SECOND AMENDED COMPLAINT

**KILPATRICK TOWNSEND & STOCKTON LLP**
Frederick L. Whitmer, Esq.
David V. Mignardi, Esq.
Attorneys for Defendants
    *Kilpatrick Townsend & Stockton LLP*
    *incorrectly s/h/a Kilpatrick Townsend*
    *and Stockton LLP, Colin M. Bernardino*
    *and Keith Brandofino*
1114 Avenue of the Americas, 21st Floor
New York, New York  10036
Tel: (212) 775-8700
Fax: (212) 775-8800
fwhitmer@kilpatricktownsend.com
dmignardi@kilpatricktownsend.com

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1

FACTUAL BACKGROUND ....................................................................................2

STANDARD OF REVIEW ......................................................................................4

ARGUMENT ............................................................................................................6

POINT I   THIS COURT SHOULD DISMISS THE FIRST CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................6

    A.   The RICO Claim Fails for Lack of a Sufficiently Stated RICO
Violation ........................................................................................7

        1.   Plaintiffs Fail to Adequately Plead the "Racketeering
Activity" Element of a RICO Violation.............................7

        2.   Plaintiffs Fail to Adequately Plead the "Pattern" Element
of a RICO Violation...........................................................10

        3.   Plaintiffs Fail to Adequately Plead the "Enterprise"
Element of a RICO Violation .........................................11

    B.   The RICO Claim Fails for Lack of Sufficiently Stated Injury and
Proximate Cause ...........................................................................13

POINT II   THIS COURT SHOULD DISMISS THE SECOND CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................15

POINT III   THIS COURT SHOULD DISMISS THE THIRD CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................16

POINT IV   THIS COURT SHOULD DISMISS THE FOURTH CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................17

POINT V   THIS COURT SHOULD DISMISS THE SIXTH CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................18

POINT VI   THIS COURT SHOULD DISMISS THE EIGHTH CAUSE OF
ACTION, AS AGAINST THE KILPATRICK DEFENDANTS,
PURSUANT TO FRCP 12(B)(6) ...............................................20

CONCLUSION.........................................................................................................21

16961602V.1 057301/0853817

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

<u>511 W. 232nd Owners Corp. v. Jennifer Realty Co.</u>,
  98 N.Y.2d 144, 746 N.Y.S.2d 131, 773 N.E.2d 496 (2002).....................................................20

<u>Allstate Ins. Co. v. Ahmed Halima</u>,
  No. 06-CV-1316 (DLI)(SMG), 2009 WL 750199  (E.D.N.Y. Mar. 19, 2009)..........................6

<u>Am. Home Mortg. Corp. v. UM Sec. Corp.</u>,
  05 Civ. 2279(RCC), 2007 WL 1074837 (S.D.N.Y. Apr. 9, 2007)..........................................13

<u>Baisch v. Gallina</u>,
  346 F.3d 366 (2d Cir. 2003) ...................................................................................................15

<u>Bank of China v. NBM LLC</u>,
  359 F.3d 171 (2d Cir. 2004) .............................................................................................13, 14

<u>Bell Atl. Corp. v. Twombly</u>,
  550 U.S. 544 (2007)..................................................................................................................5

<u>Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.</u>,
  373 F.3d 296 (2d Cir.2004) ....................................................................................................17

<u>Cedar Swamp Holdings, Inc. v. Zaman</u>,
  487 F. Supp. 2d 444 (S.D.N.Y. 2007) .....................................................................................6

<u>Ciuffetelli v. Apple Bank for Sav.</u>,
  208 F.3d 202, 2000 WL 340388 (2d Cir. 2000) ....................................................................11

<u>Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.</u>,
  187 F.3d 229 (2d Cir. 1999) ...................................................................................................15

<u>Crigger v. Fahnestock & Co., Inc.</u>,
  443 F.3d 230 (2d Cir. 2006) ...................................................................................................16

<u>DeFalco v. Bernas</u>,
  244 F.3d 286 (2d Cir. 2001) ..............................................................................................7, 13

<u>Discon, Inc. v. NYNEX Corp.</u>,
  93 F.3d 1055 (2d Cir. 1996),
  <u>vacated</u> <u>on</u> <u>other</u> <u>grounds</u>, 525 U.S. 128 (1998) ....................................................................16

<u>Dolan v. Fairbanks Capital Corp.</u>,
  930 F. Supp. 2d 396 (E.D.N.Y. 2013) ...................................................................................11

<u>Doyle v. Mastercard Int'l Inc.</u>,
  700 F. App'x 22 (2d Cir. 2017) ..............................................................................................21

ii

Elias v. Rolling Stone LLC,
  872 F.3d 97 (2d Cir. 2017) ................................................................ 5

Elsevier, Inc. v. Grossman,
  No. 12 Civ. 5121(KPF), 2013 WL 6331839 (S.D.N.Y. Dec. 5, 2013) .................................... 15

Facebook, Inc. v. DLA Piper LLS (US),
  134 A.D.3d 610, 23 N.Y.S.3d 173 (1st Dep't 2015) ............................................... 18

Finn v. Anderson,
  592 F. App'x 16 (2d Cir. 2014) .............................................................. 5

First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,
  385 F.3d 159 (2d Cir. 2004) ........................................................ *passim*

First Nationwide Bank v. Gelt Funding Corp.,
  27 F.3d 763 (2d Cir. 1994) ........................................................... 13, 14

Grynberg v. Eni S.P.A.,
  503 F. App'x 42 (2d Cir. 2012) ............................................................. 17

Harris v. Provident Life & Accident Ins. Co.,
  310 F.3d 73 (2d Cir. 2002) ................................................................ 21

Hecht v. Commerce Clearing House, Inc.,
  897 F.2d 21 (2d Cir. 1990) ................................................................ 15

Herpe v. Herpe,
  225 N.Y. 323, 122 N.E. 204 (1919) ........................................................ 9

ICD Holdings S.A. v. Frankel,
  976 F. Supp. 234 (S.D.N.Y. 1997) .......................................................... 21

In re Cablevision Consumer Lit.,
  864 F. Supp. 2d 258 (E.D.N.Y. 2012) ...................................................... 20

Lazich v. Vittoria & Parker,
  189 A.D.2d 753,  592 N.Y.S.2d 418 (2d Dep't 1993) ......................................... 19

Mandarin Trading Ltd. v. Wildenstein,
  16 N.Y.3d 173, 919 N.Y.S.2d 465, 944 N.E.2d 1104 (2011) .................................. 17

Mazzei v. Kyriacou,
  98 A.D.3d 1088, 951 N.Y.S.2d 557 (2d Dep't 2012) .......................................... 9

Mitchell v. Ins. Co. of N. Am.,
  40 A.D.2d 873, 338 N.Y.S.2d 92 (2d Dep't 1972) ........................................... 9

Moore v. PaineWebber, Inc.,
   189 F.3d 165 (2d Cir. 1999) ............................................................................ *passim*

Moss v. Morgan Stanley, Inc.,
   719 F.2d 5 (2d Cir. 1983),
   cert. denied sub nom. Moss v. Newman, 465 U.S. 1025 (1984) ......................... 7, 13

Nielsen v. Rabin,
   746 F.3d 58 (2d Cir. 2014) ......................................................................... 10

Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,
   250 N.Y. 304, 165 N.E. 456 (1929).............................................................. 9

Sky Med. Supply Inc. v. SCS Support Claims Serv., Inc.,
   17 F. Supp. 3d 207 (E.D.N.Y. 2014) ......................................................... 6

Smallwood ex rel. Hills v. Lupoli,
   No. 04-CV-0686 (JFB)(MDG), 2007 WL 2713841 (E.D.N.Y. Sept. 14, 2007)..................... 12

Smith v. Local 819 I.B.T. Pension Plan,
   291 F.3d 236 (2d Cir. 2002) ..................................................................... 5

Spool v. World Child Int'l Adoption Agency,
   520 F.3d 178 (2d Cir. 2008) ............................................................... 10, 15

Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield,
   115 A.D.2d 999, 497 N.Y.S.2d 561 (4th Dep't 1985),
   appeal dismissed 67 N.Y.2d 1005, 502 N.Y.S.2d 1006, 494 N.E.2d 111 (1986) .................. 19

United States v. Binday,
   804 F.3d 558 (2d Cir. 2015) ..................................................................... 7

United States v. Turkette,
   452 U.S. 576 (1981)................................................................................ 11

Weaver v. James,
   No. 10 Civ. 6609(NRB), 2011 WL 4472062 (S.D.N.Y. Sept. 27, 2011)................................ 12

Wells Fargo Bank, N.A. v. Coffey,
   177 A.D.3d 1022, 113 N.Y.S.3d 164 (2d Dep't 2019)................................................. 9

Woodson v. Mendon Leasing Corp.,
   100 N.Y.2d 62, 760 N.Y.S.2d 727, 790 N.E.2d 1156 (2003)................................... 8, 9

Yalkowksy v. Century Apartments Assoc.,
   215 A.D.2d 214, 626 N.Y.S.2d 181 (1st Dep't 1995) .......................................... 19

iv

**Statutes**

18 U.S.C. § 1961(1) ................................................................................................. 10

18 U.S.C. § 1962 ...................................................................................................... 7

18 U.S.C. § 1962(a)-(c) ........................................................................................... 7

18 U.S.C. § 1962(c) ....................................................................................... 6, 15, 16

18 U.S.C. § 1962(d) ........................................................................................... 15, 16

18 U.S.C. §§ 1961-1968 ........................................................................................... 1

N.Y. Jud. Law § 487 .......................................................................................... 18, 19

**Rules & Regulations**

Fed. R. Civ. P. 12(b)(6) ................................................................................... *passim*

Fed. R. Civ. P. 12(c) ................................................................................................ 5

Fed. R. Civ. P. 12(d) ................................................................................................ 5

Fed. R. Civ. P. 56 .................................................................................................... 5

Fed. R. Civ. P. 9(b) ......................................................................................... *passim*

16961602V.1 057301/0853817

## PRELIMINARY STATEMENT

The Kilpatrick Defendants[1] submit this memorandum of law in support of their motion for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), dismissing the SAC as against them, and granting such other and further relief as is just and proper.

Having had final judgment entered against them in the Foreclosure Action and having failed to avoid the sale of the Property (defined below) in satisfaction of the amounts due and owing on the Loan (defined below), plaintiffs Boysin Lorick ("Mr. Lorick") and Cynthia Lorick ("Mrs. Lorick") (together, "Plaintiffs") commence this action, lodging within the SAC the litigation equivalent of a thermonuclear device – a claim of violation of the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, among other claims.  None of these claims should survive as all are procedurally and substantively meritless.

Despite the prolixity of the SAC, it paints an unsubstantiated and offensive picture of the Kilpatrick Defendants, who acted only as counsel for co-defendant Wells Fargo Bank, as Trustee for the registered holders of Sovereign Commercial Mortgage Securities Trust, 2007-C1, Commercial Pass-Through Certificates, Series 2007-C1 s/h/a Wells Fargo Bank NA (the "Trust"), and its servicers, co-defendants Waterstone Asset Management LLC ("Waterstone") and Berkadia Commercial Mortgage ("Berkadia").  Read generously, the SAC alleges that the Kilpatrick Defendants fraudulently asserted Plaintiffs' default on the Loan and allegedly inflated the amounts due and owing thereon, all of which allegations also serve as the basis for RICO as well as the other claims Plaintiff assert against the Kilpatrick Defendants.  These allegations do not survive rational analysis, even given the liberal standards afforded such pleadings, but Plaintiffs'

---

[1] Capitalized terms not defined herein shall have the same meaning as ascribed in the accompanying Declaration of Frederick L. Whitmer, dated June 1, 2020 ("Whitmer Decl."), that is filed herewith.

imaginative, aggressive but conclusory contentions are no substitute for factual assertions.  The SAC should be dismissed.

Although both Plaintiffs, either expressly or impliedly, acknowledged their responsibility for their default as well as the amounts they owed in the Foreclosure Action, the State Court independently determined the fact and the exact amount of the default.   Accordingly, Plaintiffs' actions constitute nothing less than a collateral attack on the rulings, judgments and orders issued by the previous State and Bankruptcy Courts.

Plaintiffs' remaining allegations of fraud fare no better, as they fail to meet the heightened pleading standard of FRCP 9(b).  Those allegations are unanimously conclusory, therefore unworthy of being accepted as true for purposes of this motion.  Despite the avalanche of material embedded within the SAC, Plaintiffs offer nothing that would allow their claims to survive dismissal as against the Kilpatrick Defendants.  Indeed, the unnecessary prolixity of the SAC is proof of Plaintiffs' endeavor to camouflage their manifest lack of claims under a welter of irrelevant, inadmissible and diversionary material and citations.

For the reasons elaborated below, the Kilpatrick Defendants submit that this Court should grant their motion for dismissal of the SAC in its entirety.

## FACTUAL BACKGROUND

The factual background relevant to the Kilpatrick Defendants' motion is fully supported by the documents annexed to the Whitmer Decl. that is submitted simultaneously herewith and which support the factual statements that follow.

The Loan

Plaintiffs were the owners of a four-story, 38-unit apartment building located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property"). See Whitmer Decl., Ex. A at ¶ 4.  On or about September 13, 2005, Independence Community Bank ("Independence") lent

2

Plaintiffs funds in the original principal amount of $2,250,000.00 (the "Loan"). Id. at ¶ 10.  The Loan was secured by a first mortgage on the Property (the "Mortgage"). Id. at ¶ 12.  Thereafter, Sovereign Bank, successor-by-merger to Independence, assigned the Loan to the Trust. Id. at ¶ 12.

Plaintiffs defaulted on the Loan by failing to pay off the outstanding principal balance when due, and all other amounts due and owing, on the maturity date of the Loan. Id. at ¶ 13.

The Foreclosure Action

On January 30, 2013, the Trust, acting by and through Waterstone, its sub-special servicer, and represented by its counsel, KTS, commenced the Foreclosure Action to foreclose the Mortgage. Id. at ¶¶ 1, 8.

Mr. Lorick appeared in the Foreclosure Action and entered into the Stipulation of Settlement whereby, Mr. Lorick, who was represented by counsel, inter alia, acknowledged Plaintiffs' default on the Loan and $2,447,121.60 as the amount due and owing thereon as of November 12, 2013, consented to the entry of final judgment of foreclosure and sale in favor of the Trust, and consented to the public auction of the Property if Plaintiffs did not pay off the Loan prior to January 1, 2014. Id. at Ex. B.  Although Mrs. Lorick did not sign the Stipulation of Settlement, she failed to answer or otherwise plead in the Foreclosure Action, thereby justifying the entry of default against her. Id.

After Plaintiffs failed to pay off the Loan as promised in the Stipulation, the State Court entered the Judgment, in the amount of $2,447,121.60, in favor of the Trust. Id. at Ex. C.  After additional computation of the amount due and owing by the State Court-appointed successor referee, the State Court entered the Amended Judgment, in the amount of $3,668,619.69, in favor of the Trust. Id. at Ex. D.

16961602V.1 057301/0853817

<u>The Bankruptcy Proceeding:</u>

Before the State Court-appointed successor referee could auction the Property, on December 15, 2016, Plaintiffs jointly filed a voluntary bankruptcy petition for relief under Chapter 13 of the Bankruptcy Code. <u>Id.</u> at Ex. E.  After the sale of the Property in the context of the Bankruptcy Proceeding, and upon application by the Trust, represented by KTS, the Bankruptcy Court entered the Partial Proceedings Order, finding the Trust to be entitled to a portion of the Property sale proceeds in the amount of $4,039705.02 (representing the $3,668,619.69 amount of the Amended Judgment plus $170,967.73 of interest accruing from June 9, 2016 through December 15, 2016 and $85,000 in additional attorneys' fees). <u>Id.</u>

<u>The Instant Action:</u>

On December 17, 2017, Plaintiffs commenced the instant action, seeking damages on numerous theories, including fraud, breach of contract, failure to account for alleged payments made on the Loan, collusion, and racketeering. <u>Id.</u> at Ex. F.  By the April 29, 2019 Order, this Court ordered Plaintiffs to effectuate service of process upon all defendants originally named in the Initial Complaint and file proof of service by May 10, 2019. <u>Id.</u> at Ex. G.  On May 7, 2019, Plaintiffs filed proof that the Summons only (and not also the Initial Complaint) was served by USPS Certified Mail on April 11, 2019.  <u>Id.</u> at Ex. H.  Herein, Plaintiffs filed the Amended Complaint on February 11, 2020 before ultimately filing the SAC on May 11, 2020. <u>Id.</u> at Exs. I, J.

To date, Plaintiffs have yet to properly effectuate service of process upon the Kilpatrick Defendants.

## **STANDARD OF REVIEW**

When presented with a motion for dismissal pursuant to FRCP 12(b)(6), courts are to "accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff."

16961602V.1 057301/0853817

Finn v. Anderson, 592 F. App'x 16, 18 (2d Cir. 2014) (alterations omitted) (citations omitted).

Although "[a]ll factual allegations in the complaint are therefore presumed to be true[,] . . .

conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice

to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d

Cir. 2002) (citation omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, a plaintiff's obligation to
> provide the grounds of his entitlement to relief requires more than
> labels and conclusions, and a formulaic recitation of a cause of
> action's elements will not do.  Factual allegations must be enough
> to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alterations) (citations omitted); see also

Finn, 592 F. App'x at 18 ("To survive a Rule 12(b)(6) motion, the complaint must plead enough

facts to state a claim to relief that is plausible on its face, and allow the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." (alterations omitted) (citations

omitted)).  However:

> The plausibility standard is not akin to a probability requirement,
> but it asks for more than a sheer possibility that a defendant has acted
> unlawfully. Where a complaint pleads facts that are merely
> consistent with a defendant's liability, it stops short of the line
> between possibility and plausibility of entitlement to relief.

Elias v. Rolling Stone LLC, 872 F.3d 97, 104 (2d Cir. 2017) (citation omitted).  Where a plaintiff

"ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must

be dismissed." Twombly, 550 U.S. at 570.

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented

to and not excluded by the court, the motion must be treated as one for summary judgment

under Rule 56." Fed. R. Civ. P. 12(d).  Nevertheless,

> the complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. A document is "integral" to the complaint where "the complaint relies heavily upon its terms and effects."   "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."

Allstate Ins. Co. v. Ahmed Halima, No. 06-CV-1316 (DLI)(SMG), 2009 WL 750199, at *3

(E.D.N.Y. Mar. 19, 2009) (citations omitted).

## ARGUMENT

### POINT I
### THIS COURT SHOULD DISMISS THE FIRST CAUSE OF ACTION, AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)

In their First Cause of Action, Plaintiffs seek damages as against, inter alia, the Kilpatrick

Defendants under 18 U.S.C. § 1962(c) for violation of the RICO Act. See Whitmer Decl., Ex. J at

¶¶ 44 - 59.

> Courts have described civil RICO as an unusually potent weapon— the litigation equivalent of a thermonuclear device. Because the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants, . . . courts should strive to flush out frivolous RICO allegations at an early stage of the litigation. Indeed, although civil RICO may be a potent weapon, plaintiffs wielding RICO almost always miss the mark. Accordingly, courts have expressed skepticism toward civil RICO claims.

Sky Med. Supply Inc. v. SCS Support Claims Serv., Inc., 17 F. Supp. 3d 207, 220-21 (E.D.N.Y.

2014) (citations omitted); see also Cedar Swamp Holdings, Inc. v. Zaman, 487 F. Supp. 2d 444,

449 (S.D.N.Y. 2007) ("[P]utative civil RICO claims that 'are nothing more than sheep

masquerading in wolves' clothing,' or ordinary fraud cases 'clothed in the Emperor's trendy garb'

should be 'flush[ed] out' at early stages of the litigation." (citations omitted)).

16961602V.1 057301/0853817

"To establish a RICO claim, a plaintiff must show: (1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." DeFalco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) (citation omitted).

**A.**     **The RICO Claim Fails for Lack of a Sufficiently Stated RICO Violation**

A plaintiff sufficiently alleges a RICO violation by demonstrating the following:

> (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)-(c) (1976).

Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983), cert. denied sub nom. Moss v. Newman, 465 U.S. 1025 (1984). For the foregoing reasons, Plaintiffs have failed to adequately plead a RICO violation.

**1.**     **Plaintiffs Fail to Adequately Plead the "Racketeering Activity" Element of a RICO Violation**

Plaintiffs claim that the Kilpatrick Defendants engaged in racketeering activity by committing mail and wire fraud, the elements of which "are: (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails or wires to further the scheme." United States v. Binday, 804 F.3d 558, 569 (2d Cir. 2015) (citation omitted).

However, where assertion of a RICO violation is premised upon alleged fraud, as is the case here, it is "subject to the heightened pleading requirements of [FRCP] 9(b)." First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 178 (2d Cir. 2004) (citations omitted); see also Moore v. PaineWebber, Inc., 189 F.3d 165, 172 (2d Cir. 1999) ("[FRCP] 9(b) states that in averments of fraud, 'the circumstances constituting fraud . . . shall be stated with particularity.' This provision applies to RICO claims for which fraud is the predicate illegal act." (citations omitted)). Therefore,

16961602V.1 057301/0853817

> In the RICO context, Rule 9(b) calls for the complaint to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." The plaintiffs must also "identify the purpose of the mailing within the defendant's fraudulent scheme." https://1.next.westlaw.com/Link/Document/FullText?findType=Y&serNum=1992079371&pubNum=350&originatingDoc=I05985fca94af11d9bc61beebb95be672&refType=RP&fi=co_pp_sp_350_191&originationContext=document&transitionType=DocumentItem&contextData=(sc.Search)_-_co_pp_sp_350_191 In addition, the plaintiffs must "allege facts that give rise to a strong inference of fraudulent intent."

<u>Moore</u>, 189 F.3d at 173 (citations omitted).

Here, the SAC falls woefully short of FRCP 9(b)'s heightened pleading standard with respect to the Kilpatrick Defendants' purported commission of racketeering activity. In the SAC, Plaintiffs complain that the Kilpatrick Defendants, in various court filings in the Foreclosure Action, wrongfully claimed that Plaintiffs were in default on the Loan and claimed inflated amounts due and owing on the Loan as a result of such default. <u>See</u> Whitmer Decl., Ex. J at ¶¶ 21, 23, 26, 27, 28, 29, 30, 33, 36. Plaintiffs also contend that the Kilpatrick Defendants continued to make these very same, purportedly false assertions in a proof of claim and various, other motions filed in the Bankruptcy Proceeding. <u>Id.</u> at ¶¶ 38 - 41. Plaintiffs further allege that Brandofino, on some unspecified date, demanded remittance of $500,000.00 in attorneys' fees in contemplation of Plaintiffs' intention to pay off the Loan. <u>Id.</u> at ¶ 24.

However, Plaintiffs are precluded from arguing that the Kilpatrick Defendants' filings in the Foreclosure Action and Bankruptcy Proceeding can serve as predicate acts for purposes of RICO. As an initial matter, Mr. Lorick acknowledged and agreed, in the Stipulation, that "[Plaintiffs] are in default of their respective obligations under the Loan Documents by failing to satisfy the amounts due at maturity; and [a]s of November 12, 2013, the total amount due under

the Loan Documents is **$2,447,121.60** . . . ." Id., Ex. B at ¶ 2(a), (b).  Mrs. Lorick, moreover,

having defaulted in the Foreclosure Action, is deemed to have admitted all of the Trust's factual

allegations in the Foreclosure Complaint. See Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62,

68, 760 N.Y.S.2d 727, 733, 790 N.E.2d 1156, 1162 (2003) (a defendant in default is "deemed to

have admitted all the factual allegations contained in the complaint and all reasonable inferences

that flow therefrom." (citations omitted)).  Regardless, the veracity of Plaintiffs' default on the

Loan and the accuracy of the amount due and owing thereon have already been judicially

determined against Plaintiffs. Id. at Exs. C - E.  Therefore, they are beyond reproach.[2]

Plaintiffs' final allegation of fraud, with respect to Brandofino's purported demand for

$500,000.00 in attorneys' fees, fares no better.  Despite Plaintiffs' permission on three occasions

to frame their fraud and RICO claims properly, the SAC is silent as to when, where and through

what media Brandofino made such demand and the identity of those responsible therefor. See

---

[2] While the Kilpatrick Defendants recognize this Court's prior observation that res judicata and the Rooker-Feldman doctrine do not warrant dismissal of the action, the Kilpatrick Defendants, while not seeking dismissal on the basis of these doctrines, nevertheless submit that this Court lacks subject matter jurisdiction to consider any factual assertions Plaintiffs make in the SAC that are *inconsistent* with the holdings rendered in the Foreclosure Action or the Bankruptcy Proceeding.

Where issues that were or could have been decided in an earlier action are raised in a subsequent action, the court of the subsequent action lacks subject matter jurisdiction to adjudicate said issues when raised as a collateral attack on a judgment rendered in the prior action. See, e.g., Herpe v. Herpe, 225 N.Y. 323, 327, 122 N.E. 204, 205 (1919); Mazzei v. Kyriacou, 98 A.D.3d 1088, 1089, 951 N.Y.S.2d 557, 559 (2d Dep't 2012); Mitchell v. Ins. Co. of N. Am., 40 A.D.2d 873, 874, 338 N.Y.S.2d 92, 94 (2d Dep't 1972).  The State Court in the Foreclosure Action held, inter alia, that Plaintiffs defaulted on the Loan and, consequently, ordered the Property to be sold to satisfy the amount due and owing thereon. See Whitmer Decl., Exs. C, D.  Issuance of the Judgment and the Amended Judgment, which recite the amount due and owing to the Trust, "is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." Wells Fargo Bank, N.A. v. Coffey, 177 A.D.3d 1022, 1023, 113 N.Y.S.3d 164, 166 (2d Dep't 2019) (citations omitted).  Moreover, the Bankruptcy Court held the Trust entitled to a disbursement of, inter alia, $85,000.00 for additionally incurred attorneys' fees. See Whitmer Decl., Ex. E.

Thus, Plaintiffs are precluded from disputing the veracity of their default on the Loan or the accuracy of the amounts due and owing herein.  Any finding by this Court herein that the Kilpatrick Defendants' filings were fraudulent and can serve as the predicate racketeering acts would not only impair but would destroy the validity of and constitute impermissible collateral attacks on the Judgment and Amended Judgment issued the in the Foreclosure Action as well as the Partial Proceeds Order issued in the Bankruptcy Proceeding, and would therefore be improper. See Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 306, 165 N.E. 456, 457 (1929).

9

16961602V.1 057301/0853817

Moore, 189 F.3d at 173.  Moreover, Plaintiffs' assertion of this demand contradicts KTS' own

claim for $74,816.60 in attorneys' fees in the Foreclosure Action and $85,000.00 in attorneys' fees

in the Bankruptcy Proceeding.  See Whitmer Decl., Exs. D, E.  As the documentary evidence

referenced in the SAC utterly refutes Plaintiffs' own fraud allegations, Brandofino's purported

demand for $500,000.00 in attorneys' fees is conclusory and, therefore, cannot be accepted as true

for purposes of this motion.  See Nielsen v. Rabin, 746 F.3d 58, 63 (2d Cir. 2014).  Regardless,

Plaintiffs have utterly failed to either "identify the purpose of [this demand] within the [alleged

enterprise]'s fraudulent scheme" or to "allege facts that give rise to a strong inference of fraudulent

intent[]" on the part of the Kilpatrick Defendants themselves. See Moore, 189 F.3d at 173.

In failing to present the proposed circumstances constituting the fraud with the requisite

particularity that FRCP 9(b) demands (id.; see also First Capital Asset Mgmt., Inc., 385 F.3d at

178), Plaintiffs' failure to sufficiently state the racketeering activity element precludes a finding

that they have adequately pled a RICO violation.

**2.     Plaintiffs Fail to Adequately Plead the "Pattern" Element of a RICO Violation**

Plaintiffs also fail to adequately plead a RICO violation because of the lack of a "pattern"

of racketeering activity, which has been defined as follows:

> The acts of racketeering activity that constitute the pattern must be
> among the various criminal offenses listed in § 1961(1), and they
> must be related, and either amount to or pose a threat of continuing
> criminal activity.  The latter so-called "continuity" requirement can
> be satisfied either by showing a "closed-ended" pattern—a series of
> related predicate acts extending over a substantial period of time—
> or by demonstrating an "open-ended" pattern of racketeering
> activity that poses a threat of continuing criminal conduct beyond
> the period during which the predicate acts were performed.

Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

With respect to the pattern element, it has been held that:

16961602V.1 057301/0853817

> [N]either the allegations nor the proof submitted [by plaintiffs] show a pattern of racketeering or a continuity of a criminal enterprise sufficient to support a RICO claim. Plaintiffs list a number of actions which they argue constitute the predicate acts of extortion, bank fraud, mail fraud and wire fraud, taking place over a period of seven years. However, the alleged scheme in this case—defendants' attempt to deprive plaintiffs of their mortgaged property—involves a single mortgage loan which was paid in full on January 1998. We conclude that these circumstances do not establish a pattern of racketeering activity under the RICO statute.

Ciuffetelli v. Apple Bank for Sav., 208 F.3d 202, 2000 WL 340388, at *3 (2d Cir. 2000) (citations and quotations omitted); see also Dolan v. Fairbanks Capital Corp., 930 F. Supp. 2d 396, 410 (E.D.N.Y. 2013) ("Plaintiff's evidence, however, goes only to a purported scheme involving one victim (Dolan and his wife), the servicing of a single mortgage, and limited perpetrators, with a single and finite goal.").

The SAC is barren of any allegations about the alleged enterprise's acts towards other borrowers. See Whitmer Decl., Ex. J. Rather, and much like the claims asserted in Ciuffetelli and Dolan, the SAC is singularly focused on the purported, solitary scheme by the alleged enterprise to deprive Plaintiffs of the Property via allegedly wrongful foreclosure. Id. As Plaintiffs' allegations concern only the Loan, they are not patterned in nature. See Ciuffetelli, 2000 WL 340388, at *3; see also Dolan, 930 F. Supp. 2d at 410. Thus, Plaintiffs fail to state a pattern of racketeering activity, a necessary element of an adequately pled RICO violation.

### 3. Plaintiffs Fail to Adequately Plead the "Enterprise" Element of a RICO Violation

Plaintiffs similarly fail to adequately plead a RICO violation as against the Kilpatrick Defendants because of the lack of an "enterprise" element.

Broadly defined, a RICO enterprise is a "group of persons associated together for a common purpose of engaging in a course of conduct." United States v. Turkette, 452 U.S. 576, 583 (1981). Existence of a RICO enterprise is "proven 'by evidence of an ongoing organization,

11

formal or informal, and by evidence that the various associates function as a continuing unit.'"

First Capital Asset Mgmt., Inc., 385 F.3d at 173 (quoting Turkette, 452 U.S. at 583).  The alleged

RICO enterprise must be distinct from the predicate acts in which the associates engage; the

enterprise must be more than the sum of its parts. Id. at 173.

    As depicted by Plaintiffs in the SAC, the Kilpatrick Defendants' participation in

racketeering activity is limited to their filing of purportedly false and misleading court documents

and demand for inflated amounts due and owing. See Whitmer Decl., Ex. J.  While the Kilpatrick

Defendants steadfastly deny the claimed falsity of such filings, the Kilpatrick Defendants

conducted these litigation activities in furtherance of and to advocate the interests of their clients.

Courts have held that a RICO enterprise cannot be established between attorneys and their clients

where the attorneys merely conduct litigation activities on behalf of their clients. See e.g., Weaver

v. James, No. 10 Civ. 6609(NRB), 2011 WL 4472062, at *3 (S.D.N.Y. Sept. 27, 2011) ("[T]he

litigation activities of an attorney representing clients in an eviction proceeding are not sufficiently

distinct from the actions of the attorney-client 'association in fact' to meet the distinctness

requirement of RICO."); Smallwood ex rel. Hills v. Lupoli, No. 04-CV-0686 (JFB)(MDG), 2007

WL 2713841, at *6 (E.D.N.Y. Sept. 14, 2007) ("[T]hat the Universal and Plaza defendants used

the same attorney, Redmond, in both transactions, does not create, by itself, a genuine issue as to

the existence of an association-in-fact involving defendants. Instead, the Court finds that plaintiffs

unsuccessfully attempt to demonstrate an association-in-fact through a series of conclusory

allegations of which they have no meaningful evidence.").  With no distinctness between the

Kilpatrick Defendants and their client, the Trust, and its agents, Waterstone and Berkadia,

Plaintiffs fail to adequately plead the existence of a RICO enterprise involving the Kilpatrick Defendants.[3]

With the racketeering activity, pattern and enterprise elements absent, the First Cause of Action fails for lack of a sufficiently stated RICO violation. See Moss, 719 F.2d at 17.  For this reason, alone, the Court should dismiss it as against the Kilpatrick Defendants.

**B.**       **The RICO Claim Fails for Lack of Sufficiently Stated Injury and Proximate Cause**

Plaintiffs' RICO claim also fails because they did not adequately plead sufferance of injury to their business or property. See DeFalco, 244 F.3d at 305.  As part of the First Cause of Action, Plaintiffs merely allege that they "suffered a serious loss of their investment and property owing to the deceptive means of carrying out the aforesaid affairs of the Enterprise." See Whitmer Decl., Ex. J at ¶ 50.  This allegation fails the heightened pleading standard required for RICO. See First Capital Asset Mgmt., Inc., 385 F.3d at 178; see also Moore, 189 F.3d at 172. Nevertheless, in the unlikely event that this Court finds that Plaintiffs adequately pled a concrete and particularized injury, their RICO claim still fails because they did not allege, with the requisite particularly, that the alleged RICO violation proximately caused their purported injuries.

To establish proximate cause, there must be "a direct relationship between the plaintiff's injury and the defendant's injurious conduct." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994) (citations omitted).  In evaluating proximate cause, courts consider, among other factors, the magnitude of the fraud, the amount of time between the fraud and the injury, and the certainty with which the injury can be attributed to the defendant's conduct. See Am. Home Mortg. Corp. v. UM Sec. Corp., 05 Civ. 2279(RCC), 2007 WL 1074837, at *4

---

[3] Indeed the SAC is a classic example of the pernicious effect of permitting litigation of such serious charges without the required factual underpinning to a complaint.

(S.D.N.Y. Apr. 9, 2007).  "[W]here[, as is the case here,] mail fraud is the predicate act for a civil RICO claim, the proximate cause element . . . requires the plaintiff to show 'reasonable reliance.'" Bank of China v. NBM LLC, 359 F.3d 171, 176 (2d Cir. 2004).  That is, "the plaintiff [i]s required to demonstrate that the defendant's misrepresentations were relied on." Id. (citations omitted).

In the SAC, Plaintiffs allege that "the RICO Defendants' false and misleading statements by multiple mailings by the said defendants across state lines to the state and the bankruptcy courts and respective parties and their attorneys have caused substantial damage to the Loricks."  See Whitmer Decl., Ex. J at ¶ 59.  Plaintiffs make no other allegations as to proximate causation, thereby rendering indiscernible factors such as the magnitude of the alleged fraud, the amount of time between the alleged fraud and Plaintiffs' injury, and the certainty with which the injury can be attributed to the conduct of the Kilpatrick Defendants.  In turn, it is indeterminable whether the factual basis for Plaintiffs' RICO claim, if ultimately proven, could even support an inference of proximate cause with respect to the Kilpatrick Defendants.

Nevertheless, and despite their contentions to the contrary, Plaintiffs' alleged sufferance of their lost investment in the Property stems *not* from the purportedly fraudulent content of the Kilpatrick Defendants' "multiple [court] mailings" but, rather, from Plaintiffs' own default on the Loan.  Indeed, Mr. Lorick, himself, admitted to the default while Mrs. Lorick conceded it by virtue of her default in the Foreclosure Action.  In turn, it cannot be said that Plaintiffs would not have suffered their alleged injuries "but for" the particular court mailings and filings made by the Kilpatrick Defendants. See First Nationwide Bank, 27 F.3d at 769.  Regardless, with the Kilpatrick Defendants' purported commission of mail and wire fraud as the bases of their alleged participation a RICO enterprise, the SAC contains absolutely no allegations that Plaintiffs "reasonably relied" upon the content of the Kilpatrick Defendants' allegedly fraudulent mailings.

16961602V.1 057301/0853817

See Bank of China, N.Y. Branch, 359 F.3d at 176.  Accordingly, Plaintiffs' RICO claim also fails for lack of proximate causation of their purported injuries.

Based on the foregoing, this Court should dismiss the First Cause of Action of the SAC as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).

**POINT II**
**THIS COURT SHOULD DISMISS THE SECOND CAUSE OF ACTION,**
**AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)**

In their Second Cause of Action, Plaintiffs seek damages as against, inter alia, the Kilpatrick Defendants under 18 U.S.C. § 1962(d) for civil conspiracy to commit RICO. See Whitmer Decl., Ex. J at ¶¶ 60 - 67.

In order for a plaintiff "to establish a RICO conspiracy, a plaintiff must show a conspiracy to commit a substantive RICO violation." Spool, 520 F.3d at 183 (citing 18 U.S.C. § 1962(d)).  "In the civil context, a plaintiff must allege that the defendant 'knew about and agreed to facilitate' [a pattern of racketeering activity]." Baisch v. Gallina, 346 F.3d 366, 377 (2d Cir. 2003).  In turn, "a plaintiff must prove that (i) the defendants agreed to form and associate themselves with a RICO enterprise; (ii) the defendants agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise; and (iii) if the agreed-upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." Elsevier, Inc. v. Grossman, No. 12 Civ. 5121(KPF), 2013 WL 6331839, at *11 (S.D.N.Y. Dec. 5, 2013) (citing Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 244-45 (2d Cir. 1999). "Because the core of a RICO civil conspiracy is an agreement to commit predicate acts, a RICO civil conspiracy complaint, at the very least, must allege specifically such an agreement." Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 25 (2d Cir. 1990).

Here, the SAC fails to even mention a purported agreement between the Kilpatrick Defendants and the other alleged enterprise members to perpetrate the purported RICO acts.  In

15

fact, with respect to the Second Cause of Action, the SAC contains no specific allegations against the Kilpatrick Defendants whatsoever. <u>See</u> Whitmer Decl., Ex. J.  Rather, it merely alleges, in bald and conclusory fashion, that "[t]he RICO Defendants have unlawfully, knowingly and willfully combined, conspired, confederated and agreed together and with others to violate 18 U.S.C. § 1962(c) as described above, in violation of 18 U.S.C. § 1962(d)." <u>Id.</u> at ¶ 61.  Clearly insufficient, this cannot withstand a request for dismissal pursuant to FRCP 12(b)(6).

Regardless, as Plaintiffs' First Cause of Action fails as against the Kilpatrick Defendants (<u>see</u> <u>supra</u> Pt. I), so too does the Second Cause of Action for civil conspiracy to commit RICO because it stands or falls with the underlying RICO violation claim. <u>See</u> <u>First Capital Asset Mgmt.,</u> <u>Inc.</u>, 385 F.3d at 182 ("[B]ecause Plaintiffs did not adequately allege a substantive violation of RICO . . . , the District Court properly dismissed Count Six, which alleged a RICO conspiracy in violation of 18 U.S.C. § 1962(d)." (citations omitted)); <u>see also</u> <u>Discon, Inc. v. NYNEX Corp.</u>, 93 F.3d 1055, 1064 (2d Cir. 1996) ("Since we have held that the prior claims do not state a cause of action for substantive violations of RICO, the present claim does not set forth a conspiracy to commit such violations."), <u>vacated</u> <u>on</u> <u>other</u> <u>grounds,</u> 525 U.S. 128 (1998).

Based on the foregoing, this Court should dismiss the Second Cause of Action of the SAC as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).

<u>**POINT III**</u>
**<u>THIS COURT SHOULD DISMISS THE THIRD CAUSE OF ACTION,</u>**
**<u>AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)</u>**

In their Third Cause of Action, Plaintiffs seek damages as against, <u>inter</u> <u>alia</u>, the Kilpatrick Defendants for fraud. <u>See</u> Whitmer Decl., Ex. J at ¶¶ 68 - 80.

> Under New York law, the five elements of a fraud claim must be shown by clear and convincing evidence: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable

16961602V.1 057301/0853817

reliance on the part of the plaintiff; and (5) resulting damage to the
plaintiff.

Crigger v. Fahnestock & Co., Inc., 443 F.3d 230, 234 (2d Cir. 2006) (citations omitted).

As previously established, Plaintiffs' allegations of fraud, which underpin the purported

RICO violation that is the subject of the First Cause of Action, fails to meet the heightened pleading

standard of FRCP 9(b) and, therefore, must be dismissed. See supra Pt. I.A.1.   As further

established, Plaintiffs fail to sufficiently plead the Kilpatrick Defendants' intent to defraud,

Plaintiffs' reasonable reliance on the purportedly fraudulent court filings and demands made by

the Kilpatrick Defendants, and that the Kilpatrick Defendants' acts proximately cause Plaintiffs'

alleged damages. See supra Pt. I.A.1, I.A.2, I.B.

Based on the foregoing, this Court should dismiss the Third Cause of Action of the SAC

as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).

## POINT IV
## THIS COURT SHOULD DISMISS THE FOURTH CAUSE OF ACTION,
## AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)

In their Fourth Cause of Action, Plaintiffs seek damages as against, inter alia, the Kilpatrick

Defendants for unjust enrichment. See Whitmer Decl., Ex. J at ¶¶ 81 - 85.

> The  basic elements of  an unjust enrichment claim in  New York
> require proof that (1) defendant was enriched, (2) at plaintiff's
> expense, and (3) equity and good conscience militate against
> permitting defendant to retain what plaintiff is seeking to recover."
> Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 306
> (2d Cir.2004). The district court determined that Grynberg's claim
> failed because he could not show any relationship, or even any
> communication, between himself and Eni. See Mandarin Trading
> Ltd. v. Wildenstein, 16 N.Y.3d 173, 919 N.Y.S.2d 465, 944 N.E.2d
> 1104, 1110–11 (2011) ("Although privity is not required for
> an unjust enrichment claim, a claim will not be supported if the
> connection between the parties is too attenuated." (internal citations
> omitted)).

Grynberg v. Eni S.P.A., 503 F. App'x 42, 43-44 (2d Cir. 2012).

16961602V.1 057301/0853817

Plaintiffs do not even make a half-hearted attempt to adequately plead their unjust enrichment claim as against the Kilpatrick Defendants.  They merely, baldly allege that "[t]he Defendants sought and obtained more than 5.5 million by virtue of fraudulent obtained judgment in the state court.  The Defendants have been unjustly enriched by benefits obtained due to the disbursement from the bankruptcy court, which was based on fraudulent and misrepresented numbers."  See Whitmer Decl., Ex. J at ¶ 83.  The SAC is bereft of sufficient allegations as to how the Kilpatrick Defendants purportedly enriched themselves at Plaintiffs' expense. See Briarpatch Ltd., L.P., 373 F.3d at 306.  Regardless, Plaintiff's unjust enrichment claim fails as privity is undoubtedly nonexistent between Plaintiffs and the Kilpatrick Defendants. See Mandarin Trading Ltd., 6 N.Y.3d at 182, 919 N.Y.S.2d at 472, 944 N.E.2d at 1111.

Based on the foregoing, this Court should dismiss the Fourth Cause of Action of the SAC as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).

### POINT V
### THIS COURT SHOULD DISMISS THE SIXTH CAUSE OF ACTION, AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)

In their Sixth Cause of Action, Plaintiffs seek damages as against the Kilpatrick Defendants for violations of New York Judiciary Law § 487 (see Whitmer Decl., Ex. J at ¶¶ 90 – 96) which provides, in relevant part:

> An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . . forfeits to the party injured treble damages, to be recovered in a civil action.

N.Y. Jud. Law § 487.  However,

> Relief under a cause of action based upon Judiciary Law § 487 "is not lightly given" and requires a showing of "egregious conduct or a chronic and extreme pattern of behavior" on the part of the defendant attorneys that caused damages. Allegations regarding an act of deceit or intent to deceive must be stated with particularity;

18

the claim will be dismissed if the allegations as to scienter are conclusory and factually insufficient.

Facebook, Inc. v. DLA Piper LLS (US), 134 A.D.3d 610, 615, 23 N.Y.S.3d 173, 178 (1st Dep't 2015) (citations omitted).

Specifically, Plaintiffs allege that the Kilpatrick Defendants filed court documents that misrepresented Plaintiffs' default on the Loan and inflated the amounts due and owing thereon. See Whitmer Decl., Ex. J.  While the State Court and Bankruptcy Court made independent determinations as to the veracity and accuracy of these particular allegations in the Foreclosure Action and Bankruptcy Proceeding, respectively (id., at Exs. C – E), the Kilpatrick Defendants made these allegations in connection with litigation activities to advocate the interests of the Trust, their client.  And, it is well settled that the conduct of an attorney, taken on behalf of a client, in the context of adversarial proceedings does not give rise to a claim under Judiciary Law § 487. See Lazich v. Vittoria & Parker, 189 A.D.2d 753, 754, 592 N.Y.S.2d 418, 419 (2d Dep't 1993).

Moreover, as Plaintiffs admitted to the veracity and accuracy of these particular allegations, whether directly by Mr. Lorick or impliedly by Mrs. Lorick in the Foreclosure Action, Plaintiffs' claim that the Kilpatrick Defendants' "[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability under [Judiciary Law § 487]." Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield, 115 A.D.2d 999, 1000, 497 N.Y.S.2d 561, 562 (4th Dep't 1985), appeal dismissed 67 N.Y.2d 1005, 502 N.Y.S.2d 1006, 494 N.E.2d 111 (1986).

Regardless, to the extent Plaintiffs ultimately believed the Kilpatrick Defendants' court filings to have been misrepresentative, their remedy lay in the Foreclosure Action and/or the Bankruptcy Proceeding, not here.  See Yalkowksy v. Century Apartments Assoc., 215 A.D.2d 214, 215, 626 N.Y.S.2d 181, 182-83 (1st Dep't 1995) ("This cause of action [under Judiciary Law §

16961602V.1 057301/0853817

487] should also be rejected . . . . Assuming arguendo, plaintiff's allegation that Levine falsely stated to the Civil Court that defendants obtained a Certificate of Occupancy . . . , plaintiff's remedy lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action." (citations omitted)).

We have chosen deliberately not to argue at length the offensive and despicable nature of these charges, but, though the charges are manifestly meritless, Plaintiffs' making them besmirches our law firm.   Reputational damage is as real as it is beyond compensation.    Based on the foregoing, this Court should dismiss the Sixth Cause of Action of the SAC as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).  That will be compensation enough.

**POINT VI**
**THIS COURT SHOULD DISMISS THE EIGHTH CAUSE OF ACTION,**
**AS AGAINST THE KILPATRICK DEFENDANTS, PURSUANT TO FRCP 12(B)(6)**

In their Eighth Cause of Action, Plaintiffs allege that, inter alia, the Kilpatrick Defendants breached the implied covenant of good faith and fair dealing. See Whitmer Decl., Ex. J at ¶¶ 102 - 105.

As an initial matter, the implied covenant of good faith and fair dealing is a contractual concept, one that presumes existence of a contract between the plaintiff and defendant at the outset. See In re Cablevision Consumer Lit., 864 F. Supp. 2d 258, 265 (E.D.N.Y. 2012) ("The implied covenant of good faith and fair dealing 'embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'") (quoting 511 W. 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144, 153, 746 N.Y.S.2d 131, 773 N.E.2d 496 (2002).

Plaintiffs expressly base their claim of breach of the implied covenant of good faith and fair dealing on the "Agreement [Consolidated Note and Mortgage] between lender Independence

20

and the Loricks and related loan documents" (see Whitmer Decl., Ex. J at ¶ 103), agreements to which none of the Kilpatrick Defendants are parties. As Plaintiffs and the Kilpatrick Defendants are not parties to any contract within which the covenant of good faith and fair dealing could be implied, the Kilpatrick Defendants could not have breached such covenant.

Regardless, it has been held that:

> New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002); see also ICD Holdings S.A. v. Frankel, 976 F. Supp. 234, 243-44 (S.D.N.Y. 1997) ("A claim for breach of the implied covenant will be dismissed as redundant where the conduct allegedly violating the implied covenant is also the predicate for breach of covenant of an express provision of the underlying contract." (internal quotation marks omitted)).

Doyle v. Mastercard Int'l Inc., 700 F. App'x 22, 24 (2d Cir. 2017). Given that the conduct Plaintiffs allege violated the implied covenant of good faith and fair dealing is the very same conduct that underlies their breach of contract claim, the Eighth Cause of Action should be dismissed as duplicative of the Fifth Cause of Action. See Whitmer Decl., Ex. J at ¶¶ 86 - 89.

Based on the foregoing, this Court should dismiss the Eighth Cause of Action of the SAC as against the Kilpatrick Defendants pursuant to FRCP 12(b)(6).

## CONCLUSION

Clearly, Plaintiffs' manufactured claims against the Kilpatrick Defendants have no basis in law or fact. Therefore, the Kilpatrick Defendants respectfully ask this Court to grant this motion in its entirety and enter judgment dismissing the SAC as against the Kilpatrick Defendants.

Dated: New York, New York
    June 1, 2020

**KILPATRICK TOWNSEND & STOCKTON LLP**

21

16961602V.1 057301/0853817

By: _____*/s/ Frederick L. Whitmer*_____
Frederick L. Whitmer, Esq.
David V. Mignardi, Esq.
Attorneys for Defendants
   *Kilpatrick Townsend & Stockton LLP*
   *incorrectly s/h/a Kilpatrick Townsend and Stockton*
   *LLP, Colin M. Bernardino and Keith Brandofino*
1114 Avenue of the Americas, 21st Floor
New York, New York  10036

22