UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
BOYSIN LORICK and CYNTHIA LORICK,  :
 :
                    Plaintiffs,  :
 :         MEMORANDUM & ORDER
      -against-  :
 :         18-CV-7178 (ENV)(RLM)
KILPATRICK TOWNSEND AND STOCKTON  :
LLP, COLIN BERNARDINO, KEITH  :
BRANDOFINO, JOHN M. CHURCH, SUMIT  :
JAIN, WATERSTONE ASSET MANAGEMENT  :
LLC, WELLS FARGO BANK NA, and BERKADIA x
COMMERCIAL MORTGAGE,

                    Defendants.
------------------------------------------------------------------

VITALIANO, D.J.

      Arising out of a mortgage dispute, plaintiffs Cynthia and Boysin Lorick commenced this action against Kilpatrick Townsend and Stockton LLP ("KTS"), a law firm, Keith Brandofino and Colin Bernardino, partners at KTS, Wells Fargo, N.A., Waterstone Asset Management LLC, certain employees at Waterstone, and Berkadia Commercial Mortgage, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, as well as various claims under New York law.[1]

      On August 20, 2021, Magistrate Judge Roanne L. Mann issued a Report and Recommendation ("R&R") recommending that defendants' motions to dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, be granted and the case

---

[1] The KTS defendants and Wells Fargo have separately moved to dismiss plaintiffs' claims. Additionally, while the operative complaint names as defendants Waterstone and Berkadia, along with Waterstone's CEO, John M. Church, and another Waterstone employee, Sumit Jain, *see* Sec. Am. Compl. ¶¶ 8–9, it does not appear from the docket that plaintiffs have perfected service on them, nor have they appeared in this action.

1

dismissed. Dkt. 67. Plaintiffs filed their objections to the R&R, after seeking and receiving an extension to do so, on September 10, 2021, contending, generally, that summary dismissal was inappropriate. *See* Dkt. 69 ("Pls.' Objs."). Defendants' opposition to those objections was filed on September 24, 2021. Dkts. 70-71 ("Defs.' Reply"). For the reasons that follow, the R&R is adopted in its entirety as the opinion of the Court.

Background[2]

In September 2005, the Loricks obtained a $2,250,000 loan, due on October 1, 2012, which was secured by a first mortgage on their property located in Brooklyn. *See* Sec. Am. Compl. ¶¶13–14; Dkt. 45-5 at 88–115 (Mortgage Agreement, attached to the Amended Final Judgment of Foreclosure and Sale). Plaintiffs allege that in July 2012, in accordance with the mortgage's automatic renewal provision, Boysin Lorick submitted a handwritten letter to the servicers requesting that the loan be renewed, and that, in a follow-up conversation with a Berkadia representative, was assured that the loan was current, and that Berkadia would apply plaintiffs' funds, then held in escrow, as the 1% amount needed to renew the loan. *Id.* ¶ 15. Thereafter, operating under the belief that the loan had been renewed, plaintiffs made monthly mortgage payments from September 2012 until November 2013. *Id.* ¶ 16. Regardless of the reason for any dispute among the parties as to whether the loan had been renewed, the Loricks claim that, in October 2012, the loan servicer declared default, accelerated the entire loan, and demanded that the balance of the loan be paid in full. *Id.* ¶ 17. Thereafter, on January 30, 2013,

---

[2] Familiarity with the pertinent background facts and procedural history set forth in the R&R is presumed and will be recited here only as context requires. *See* R&R at 2–8. At any rate, in setting forth the relevant history, and as correctly noted by Judge Mann, the Court takes judicial notice of matters occurring in previous litigations involving the plaintiffs and most of the defendants in this action. *See* R&R at 2 n.1 (citing *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). Indeed, for the most part, the filings and orders in those other proceedings have been docketed as exhibits by the parties here.

2

Wells Fargo, represented by KTS, filed a foreclosure action in Supreme Court, Kings County. *See id.* ¶ 19; Dkt. 45-2 (Foreclosure Complaint); *see also Wells Fargo Bank, N.A. v. Lorick, et al.*, No. 500469/2013 ("State Court Docket").

The litigation skirmishes that followed in that action are of little significance when considering the propriety of the proposed R&R in this action. What is significant, indeed dispositive, is that the state foreclosure action resulted in a final judgment based on a stipulation of settlement, entered between Wells Fargo and Boysin Lorick, in November 2013. Importantly, the stipulation of settlement acknowledged Cynthia and Boysin Lorick's default on the mortgage, and provided for the possibility of a public auction of the subject property in the event that plaintiffs failed to pay off the loan by January 1, 2014. *See* Dkt. 45-3 (Stipulation of Settlement). Ultimately, the Loricks did not pay off the mortgage before the stipulated deadline, and on February 21, 2014, the state court, specifically referencing the stipulation of settlement, entered judgment in favor of Wells Fargo and against the Loricks, which, as amended in June 2016, reflected an amount of $3,668,619.69 owed on the mortgage. *See* Sec. Am. Compl. ¶¶ 33, 35; Dkt. 45-5 (Amended Final Foreclosure Judgment). No appeal from that judgment was ever taken.[3]

---

[3] The failure of the Loricks to perfect any appeal to that judgment in the state court action has not, of course, stopped them from cracking back against that judgment, effectively taking their appeal in the guise of objections to the R&R. To start, plaintiffs claim that they cannot be bound by the state court judgment because they were never properly served in that action. This improper service argument, however, is belied by the record; the state court found, in entering its judgment of foreclosure, that the Loricks had been properly served by substituted service, as New York law permits. *See* N.Y.C.P.L.R. 308(2); *see also* Amended Final Foreclosure Judgment at 1; Affidavit of Service, Dkt. 13, State Court Docket. At bottom, Cynthia and Boysin Lorick, equally, were summoned to appear in the state court action, each had the same opportunity to appear, and each were found by the state court to be within its jurisdiction and bound by its judgment. By force of law and reason, any consequences in this action that flow merely from the existence of that prior state court judgment apply equally to both. In any event,

3

In time, though, the Loricks did find their way to a courthouse in an effort to save their property, notwithstanding their failure to pay the mortgage. In December 2016, they filed for Chapter 11 bankruptcy protection. *See* Dkt. 39-7 (Subject Property Deed of Sale); Sec. Am. Compl. ¶ 39; *see also In re Lorick*, 1-16-45645 NHL (Bankr. E.D.N.Y. Dec. 15, 2016) ("Bankruptcy Docket"). As part of the bankruptcy proceedings, the subject property was sold, and by order of that court, Wells Fargo was to receive a pay out in an amount consistent with the amended foreclosure judgment. *See* 12/29/17 Bankruptcy Order. Again, though represented by the same counsel throughout, the Loricks took no appeal from the order of the bankruptcy court. On December 17, 2018, following the sale of the subject property, the Loricks commenced this action. *See* Dkt. 1.

## Standard of Review

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, in conducting that review, a district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" in order to accept it. *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810,

---

because Boysin Lorick appeared in that action, and was in privity with Cynthia Lorick, any defenses to their claims asserted in this action apply equally to her. *See Gould v. Airway Off., LLC*, No. 15 Civ. 7964, 2016 WL 3948102, at *4 (S.D.N.Y. July 19, 2016); *Farren v. Lisogorsky*, 87 A.D.3d 713, 714, 928 N.Y.S.2d 765, 767 (N.Y. App. Div. 2011).

2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also Freedom Mortg. Corp. v. Powell*, No. 218 Civ. 4265, 2020 WL 4932145, at *1 (E.D.N.Y. Aug. 24, 2020).

<u>Discussion</u>

1. Subject Matter Jurisdiction

The Loricks object to Magistrate Judge Mann's prime recommendation that this case be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Yet, in trying to come to grips with the stymie that, frankly, *Rooker-Feldman* intended to create for subsequent litigation, plaintiffs merely rebottle old wine with a new label. The injury they seek to redress, the Loricks say, in a somewhat dissembling fashion, was not caused by the state court's judgment, but in defendants' fraudulent conduct in obtaining that judgment. *See* Pls.' Objs. at 4.

The argument advancing this objection here is merely an echo of their argument before Judge Mann. *See* 7/19/21 Tr. at 47–49. For the most part, plaintiffs attack—in the same fashion as in the original motion—the same line of cases that underpinned Judge Mann's analysis on this point, *compare* RR 11–19 *with* Pls.' Objs. 1–9, contending, generally, that she has misunderstood the essentials of plaintiffs' complaint, s*ee* Pls.' Objs. 1–9. Whether this constitutes a proper objection to the ruling the Court need not decide, because even upon *de novo* review, the Court reaches the same result as Judge Mann. *Cf. LG Cap. Funding, LLC v. On4 Commc'ns, Inc.*, No. 16 Civ. 6943 (ENV) (RER), 2018 WL 4583486, at *3 (E.D.N.Y. Sept. 25, 2018), *aff'd*, 796 F. App'x 57 (2d Cir. 2020) ("While a proper objection to an R&R may take many forms, not included among them is…the insistence that unfavorable case law is the result of the litigant's bugaboo: judicial miscomprehension [of their argument].").

As the Second Circuit has recently explained, "plaintiffs are permitted to seek damages

5

for injuries caused by a defendant's misconduct in procuring a state court judgment, but not for injuries directly caused by that judgment." *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021). Here, the injuries complained of by plaintiffs are "inextricably intertwined with the state court judgment," *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 165 (E.D.N.Y. 2010), *aff'd*, 446 F. App'x 360 (2d Cir. 2011), and are therefore clearly barred by *Rooker-Feldman*. Indeed, as noted by Judge Mann, plaintiffs' counsel had declared that the harm suffered by plaintiffs was due to the artificially inflated amounts owed under the note, a higher interest rate imposed as a result of plaintiffs' default under the note, accelerated payments, attorney's fees, and a depressed sale price of the subject property. *See* R&R at 14 n.17 (citing 7/19/21 Tr. at 47:18–49:10). In this light, Judge Mann's conclusion that the alleged harm to plaintiffs flowed from the state court's judgment of foreclosure was entirely correct. To distinguish and treat separately the actual conduct of litigants before the state court from the effect of an adverse final judgment awarded by that court in that proceeding would be to cut the *Rooker-Feldman* doctrine to shreds. Absent a showing that the judgment was precured by conduct wrongful in and of itself, *see, e.g.*, *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016), and there has been no such showing here, the proper remedy for a party aggrieved by the order or judgment of a court, whether that court be a state court, a bankruptcy court, or a federal district court, is to appeal it, not file a separate and independent action to nullify it.

Consequently, upon *de novo* review, the Court reaches the same conclusion recommended by Judge Mann in her well-reasoned R&R. The Loricks' objections on this point are, therefore, overruled, and Judge Mann's recommendation that the Loricks' claims should be dismissed, pursuant to Rule 12(b)(1), as barred by the *Rooker-Feldman* doctrine is adopted as the opinion of the Court.

2. Res Judicata

The Loricks' next objection is to Magistrate Judge Mann's alternative finding that, if subject matter jurisdiction were found to exist, their claims should be dismissed with prejudice under Rule 12(b)(6) on the basis of claim preclusion. *See* R&R at 19. In that portion of the R&R, Judge Mann, first addressing the state foreclosure action, found that all three elements of New York's res judicata doctrine had been satisfied. Specifically, she found that (1) the foreclosure action resulted in an adjudication on the merits, (2) that the foreclosure action involved the same parties in the instant case, and (3) the claims asserted in the instant case were or could have been raised in the foreclosure action. *See* R&R at 20–21. As to plaintiffs' claim—previously raised and rejected during the bankruptcy proceedings—that Boysin Lorick was defrauded into signing the stipulation of settlement, Judge Mann concluded, again, that all the touchstones for res judicata were met, and therefore that that claim was barred by the doctrine. R&R 25–26.

Inventively, faced with this substantive roadblock, plaintiffs race for a procedural side door, invoking New York's permissive counterclaim rule and arguing that res judicata does not bar claims that could have been, but were not, raised by a defendant as counterclaims in a previous action, presumably referring to some sort of counterclaim sounding in fraud that they did not bring in the state foreclosure action. Pls.' Objs. at 11. But, as Judge Mann noted, the Loricks overplay their hand by concentrating on permissive counterclaims they did not bring and overlooking the salient element that res judicata is not defeated by the failure to advance an affirmative defense that could have been interposed. *See* R&R at 22 (citing *Swiatkowski*, 745 F. Supp. 2d at 171). Furthermore, plaintiffs' objection does not identify error in the reasoning set forth in the R&R; they offer only a regurgitation of the original arguments they made to the

7

Magistrate Judge. As a result, the objection lacks validity and, employing the clear error standard that the absence of a proper written objection warrants, it is overruled. The Court, though, would have reached the same result under the *de novo* standard since Judge Mann's reasoning and recommendation are based on an error free and thorough legal analysis. In any event, Judge Mann's R&R on this point is once more adopted as the opinion of the Court.

Notably, there is a second string on plaintiffs' bow, but it does not produce sounds more favorable to their argument that Boysin Lorick's signature on the stipulation of settlement was obtained fraudulently, and, therefore, they are not bound by the state court judgment. Putting aside its academic nature, the Loricks' secondary argument takes issue with Magistrate Judge Mann's finding that the argument was raised and adjudicated during the bankruptcy proceeding and, therefore, is also barred by res judicata on that basis. *See* R&R 25–26. But, once again, plaintiffs come up dry because they fail to identify the error in Judge Mann's reasoning. In any event, the Court agrees with, and finds no clear error in, Judge Mann's analysis and would reach the same conclusion upon *de novo* rview.

Indeed, plaintiffs' claim that they never litigated the argument in bankruptcy court is at odds with their submissions in that proceeding, during which the Loricks argued, first, that Boysin Lorick's attorney in state court obtained his signature consenting to the settlement on a blank page and, second, that it was within the bankruptcy's court authority to inquire into the validity of the state court judgment. *See, e.g.*, Dkt. 231, Bankruptcy Docket, at 4. The bankruptcy court, in rejecting that argument, relied on the stipulation of settlement in allocating the proceeds of the sale of the subject property. Accordingly, whether upon clear error or *de novo* review, the objection must be overruled, and this portion of the R&R is adopted as the opinion of the Court. The balance of plaintiffs' objections, though lodged under the guise of

8

objections to the R&R's res judicata analysis, merely repackage plaintiffs' unsuccessful *Rooker-Feldman* arguments, and are overruled.[4]

## Conclusion

In line with the foregoing, Magistrate Judge Mann's report and recommendation, dated August 20, 2021 (Dkt. 67), is adopted, in its entirety, as the opinion of the Court. Plaintiffs' claims are dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.

Alternatively, should subject matter jurisdiction lie, plaintiffs' claims would then be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Clerk of Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

Dated:   Brooklyn, New York
         April 1, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

---

[4] Plaintiffs also contend that they are raising claims arising *after* the judgment of foreclosure, yet there is nothing in the complaint, nor in any of the papers, that suggests that they have any claims against defendants that do not relate to the underlying loan and the state foreclosure proceedings. In short, they have plausibly pleaded none.

9